GEORGE H. FORNEY, PLAINTIFF IN ERROR, v. FREMONT,
ELKHORN & MISSOURI VALLEY RAILROAD CO.,
DEFENDANT IN ERROR.

1. **Eminent Domain.** The right of eminent domain gives the
legislature the control of private property for public uses, and
for public uses only, and in case of a railway this right is re-
stricted to "so much real estate as may be necessary for the
location, construction, and convenient use of its road."

2. ———: CONDEMNATION FOR RAILROAD PURPOSES: BUILD-
ING ON RIGHT OF WAY: AWARD: OPTION OF OWNER TO
REMOVE. Where real estate is necessary for the location, con-
struction, and convenient use of a railway, and there is a build-
ing on such real estate, and the commissioners, in making the
award of damages in condemnation proceedings, find the value
of the real estate without the building, and an additional sum
with the building, and give the owner an option to take the
value of the real estate and the building, or the value of the real
estate with the right to remove the building, the owner cannot,
after receiving compensation in full for the land and the build-
ing, sue the company for the value of the building, upon the
ground that it had misappropriated it by selling it to other par-
ties who had removed it from the right of way.

3. ———: RIGHT OF RAILROAD TO CONDEMN BUILDINGS. The
right of a railway company to condemn buildings situated on
real estate necessary for its use is an incident to such right to
condemn, and the owner must be paid full value for the land
and the building.

ERROR to the district court for Dodge county; Tried
below before MARSHALL, J.

*Frick & Dolezal* and *C. Hollenbeck*, for plaintiff in error,
cited: Redfield Railways, Sec. 69. *Aldrich v. Drury*, 8
Rhode Island, 554. *Vermilya v. Railroad*, 24 N. W.
Rep., 234. *Preston v. Railroad*, 11 Iowa, 15. *Propri-
etors v. Railroad*, 104 Mass., 1.

*John B. Hawley*, for defendant in error, cited: *O. & N.*
30

*W. R. R. v. Menk,* 4 Neb., 24.    *O'Dea v. State,* 16 Id.,
244.    *Chicago R. R. v. Knuffke,* 36 Kan., 367.    *Miss.
River Bridge v. Ring,* 58 Mo., 495.    Mills Eminent Do-
main, Secs. 243, 258, 329.

MAXWELL, J.

The plaintiff, in the spring of 1886, was the owner in
fee of fractional lots 11 and 12 in Sampson's addition to
the city of Fremont.    Sometime in May, 1886, the de-
fendant, being desirous of extending its railroad over said
lots, applied to the county judge of Dodge county for the
appointment of commissioners to assess the damages that
plaintiff would sustain by reason of the appropriation of
part of said lots as its right of way.    There was standing
upon said lots one frame barn, which, as appears from the
pleadings and evidence, stood partly on the right of way
condemned by defendant, and partly on the lands not so
condemned, of plaintiff.    Shortly after the condemnation
proceedings, the defendant moved the barn in question
from the premises, and afterwards sold the same, one por-
tion of said barn being used as a dwelling-house and the
other part used as a stable in a distant part of the city.
The award of the commissioners to appraise the property
is as follows:

"State of Nebraska, Dodge County.    *To the County
Judge of said county:*    We, John Ramberg, John Hay-
man, George C. Laird, E. C. Burns, W. D. Thomas, and
A. M. Weich, the persons appointed commissioners by
you to assess damages done to the owners of real estate in
said county, whose lands shall be appropriated by the Fre-
mont, Elkhorn & Missouri Valley Railroad Company, in
certain cases provided by law, report:    The board pro-
ceeded to view the following described real estate, to-wit,
and estimated the damages as follows:    Fraction lots 11
and 12 in Sampson's addition to the city of Fremont, Ne-

braska, the sum of one thousand dollars, reserving the right and privilege of owner to remove all improvements; $1,325 without privilege of removing improvements. George Forney [owner]."

There is also a receipt of Mr. Forney's, which is as follows:

"Fremont, Elkhorn & Missouri Valley Railroad Company. Right of way.

"FREMONT, DODGE COUNTY, NEB., May 10, 1886.

"Received of J. J. Barge, county judge of said county, the sum of one thousand and three hundred and twenty-five dollars, without privilege of removing the improvements on the right of way on following real estate: Fraction lots 11 and 12, Sampson's addition to the city of Fremont, Nebraska, for the right of way of the Fremont, Elkhorn & Missouri Valley Railroad Company.

"GEORGE H. FORNEY."

This action is brought by the plaintiff to recover the value of the barn, because it was not used for the purpose for which it was condemned, viz.; the construction or use of the railway. On the trial of the cause, the jury returned a verdict in favor of the defendant, and a motion for a new trial having been overruled, judgment was entered on the verdict.

Section 81 of Chap. 16 of the Comp. Stat., provides that, "Such corporation is authorized to enter upon any land for the purpose of examining and surveying its railroad line, and may take, hold and appropriate so much real estate as may be necessary for the location, construction and convenient use of its road, including all necessary grounds for stations, buildings, workshops, depots, machine-shops, switches, side-tracks, turn-tables and water-stations; all materials for the construction and repair of said road and its appurtenances; and a right of way over adjacent lands, sufficient to enable such company to con-

struct and repair its road, and a right to conduct water by aqueducts, and the right of making proper drains; *Provided*, That the lands held, taken and appropriated, otherwise than by consent of the owner, shall not exceed two hundred feet in width, except for wood and water stations and depot grounds, unless where greater width is necessary for excavations, embankments, or depositing waste earth; *Provided, further*, That no appropriation of private property, for the use of any corporation provided for in this subdivision, shall be made until full compensation therefor be first made or secured to the owners thereof."

Eminent domain is the power to take private property for public use. 1 Bouv. Law Dict., 524. It is the power which remains in the government to resume the possession of property upon making just compensation therefor, whenever the public interest requires it. This right of resumption may be exercised when required for the public good in the construction of a railroad, public road, canal, or other like work. The right of eminent domain, however, does not permit the sovereign power to take the property of one citizen and transfer it to another even for full compensation. *Beekman v. Saratoga, etc., R. R. Co.,* 3 Paige's Ch., 73. In other words, the right of eminent domain gives to the legislature the control of private property for public uses, and for public uses only. 2 Kent's Com., 339, and cases cited. This being the rule, the property must be used for the purpose which justified its taking, otherwise it would be a fraud on the owner and an abuse of power, and the authority being in derogation of private right, is to be strictly construed. Acting upon these rules, the courts uniformly hold that where the right of way is secured by condemnation proceedings under the statute, the title of the stone, sand, and the like, remains in the owner, and can be used by the corporation owning the railroad only for purposes connected with its construction and use. It is sought in this case to apply the same rules

to buildings upon the right of way, which the company was compelled to purchase in order to remove the same from the right of way to construct the road. A corporation would have no right to condemn private property for public use unless there was an absolute necessity for such condemnation, the language of the statute being, "may take, hold and appropriate so much real estate as may be *necessary* for the location, construction and convenient use of its road." A company, therefore, is limited to such real estate as may be necessary for the purposes named. *Vermilya v. C., M. & St. P. R. R. Co.*, 24 N. W. R., 234, and cases cited. Where, however, it is necessary to condemn real estate for public use, there being buildings on such property, the buildings thereon are a mere incident to the right to condemn real estate; that is, as the public necessity requires the real estate for public use, it must take it encumbered with the buildings thereon, and the owner must be paid full compensation for the land and the buildings, before he can be divested of his right to the same. And the corporation cannot apply the buildings to any purpose inconsistent with their condemnation. Where, however, it is necessary to remove the buildings in order to clear the right of way for the construction of a railroad, and this fact was well known to the corporation and to the owner of the buildings when the condemnation proceedings took place, and the owner was allowed full compensation for such buildings, the fact that the buildings were sold by the corporation for the purpose of clearing the right of way and having such buildings removed from the same, will not entitle the owner to claim them as his own. The reason is, such removal was in the contemplation of the parties when the condemnation took place, and was necessary to the construction of the public improvement, and it can make no difference to the owner what disposition is made of the buildings. The case differs in that regard from that where stone or sand is removed from the right of way, be-

cause the removal of the same was not within the contemplation of the parties, nor necessary for the construction and convenient use of the road. In the case under consideration the plaintiff had an option, one thousand dollars with the right to remove the barn, and thirteen hundred and twenty-five if the railway company was required to retain the barn. No appeal was taken from this award, so far as we are aware, and its validity cannot now be questioned. He has received payment in full, apparently, and there is no justice in permitting him to still claim the property. It is evident that the judgment of the court below is right, and it is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.