THE SIOUX CITY, ETC., RAILROAD COMPANY, PLAINTIFF IN ERROR, V. CHARLES H. BROWN, DEFENDANT IN ERROR.

1. **Practice**: INSTRUCTIONS TO JURY. Where the only complaint made against instructions given to a jury is that they are "vague and general," and it does not appear that a more explicit charge was requested, it will not be entertained.

2. **Railroad**: DAMAGES FOR RIGHT OF WAY: INTEREST. If on appeal from an award of damage for land condemned and occupied for railroad purposes the damage be found to exceed that returned by the commissioners, the owner may have interest thereon from the time he was entitled to compensation.

ERROR to the district court for Douglas county. Tried below before SAVAGE, J., upon appeal from an award of damages made in the county court in favor of Brown for property in Omaha, condemned and appropriated by the railroad.

*John D. Howe*, for plaintiff in error.

*C. A. Baldwin* and *Charles H. Brown*, for defendant in error.

LAKE, CH. J.

We will dispose of the alleged errors in the order followed by the attorney of the plaintiff in error in his brief.

It is complained that the instructions to the jury were erroneous. As to the one given by the judge on his own motion, it is urged that it is "vague and general." It is true that it states a general rule for the jury to observe in determining the amount of damages to be awarded, but it is not open to the charge of vagueness. By it the jury were explicitly told that the owner of the lots taken by the company was entitled to "just compensation" therefor; and that just compensation meant the "fair market value of the property taken, at the time it was taken." Further, that the jury should determine this value "from the testimony of the witnesses," and that "in weighing the testimony of these witnesses," the jury "should consider their ability to judge, their experience in the matters upon which they testify, their freedom from interest in the event of the suit, and their apparent truthfulness," etc. There is nothing in this charge to complain of. If the company desired a more explicit instruction upon any branch of the case, the judge should have been requested to give it. No such request having been made, the presumption is that it was not wished, and it is too late now to complain. Complaint in such case will not be entertained.

Another instruction complained of, and the one which presents the principal question in the case, is that given by request of the defendant in error, by which the jury were told that, in case the value of the lots was found by them to exceed the award appealed from, they should allow interest on that value from the time of condemnation. While there is some little diversity in the ruling of different courts upon the question of the right of an appellant to interest in such cases, it now seems to be firmly settled that, under a statute like ours, where, notwithstanding the appeal, the

company may occupy the land, while the owner may
not take the money deposited under the award, interest
should be added to the value of the land from the time the
owner became entitled to compensation. See Pierce on
Railroads, 220, and the cases there cited. The cases cited
by counsel for the plaintiff in error upon this point, partic-
ularly *Concord Railroad v. Greely*, 23 N. H., 237, and
*Shattuck v. Wilton Railroad*, Id., 269, do not support him
in his position. By the statute under which these two cases
were decided, in case of appeal from an award of damages
for right of way, the railroad company had the option,
either to deposit the money awarded for the use of the land
owner, or to give security for the costs and damages that
might be adjudged on the appeal. And, if a deposit were
made, the land owner had the privilege of taking it with-
out prejudice to his appeal. Under these provisions it was
held that, if a deposit of the amount of the award were
made, interest was allowable only on what was finally re-
covered on the appeal in excess of the deposit; if, however,
there were no deposit, but the company elected to give se-
curity for the payment of the costs and damages finally ad-
judged, so that the land owner could not have the use of
the money, then interest on the whole amount should be
given. In principle those decisions seem rather to uphold
the view taken by the court below, inasmuch as by our
statute it is provided that the deposit, in case of appeal,
"shall remain in the hands of the probate judge until a
final decision be had," so that it is legally impossible for
the owner, although deprived of his land, and all benefit
of a possible rise in its value during the delay, to have the
use of the money until the proceedings under the appeal
are terminated. [Comp. Stat., 150.]

By our constitution (Sec. 21 of the Bill of Rights), it is
declared that, "The property of no person shall be taken
or damaged for public use without just compensation there-
for." Where, as in this case, an entire tract or lot of land

is taken, "just compensation" doubtless means, that the owner shall have its fair market value at the time of the taking or condemnation. Pierce on Railroads, 210. But can it with reason be said that he has this when, during the delay incident to an appeal, he is deprived both of the use of his property, and of its value? We think not. The statute, sec. 97, ch. 16, Comp. Statutes, provides that the damages awarded by the commissioners shall be paid to the probate judge, for the use of the land owner, at any time before entering thereon for the purpose of constructing the road, so that, by leaving to the owner the use of the premises during the pendency of the appeal, the payment of the condemnation money may be deferred until the amount is finally fixed by the judgment of the court, and the railroad company thus saved the use of it.

It is true, as claimed by counsel for the plaintiff in error, that there is a hardship in requiring the payment of interest on the whole amount of the condemnation money when, during the time for which it is computed, a large portion thereof has been lying idle in the custody of the law. But it would be a hardship also to deprive the owner of the property of its use during the same time without compensation therefor; and besides, it would be a flagrant violation of his constitutional right to a "just compensation." In such case we think a nearer approximation to exact justice is reached by visiting the loss upon the party at whose instance, and for whose benefit it was incurred, than by putting it upon the one whose property is forcibly taken from him for the benefit of others. There is no error in the matters complained of, and the judgment must be affirmed.

JUDGMENT AFFIRMED.