THE REPUBLICAN VALLEY RAILROAD COMPANY, PLAINTIFF IN ERROR, V. ERNEST ARNOLD, DEFENDANT IN ERROR.

1. **Railroads:** RIGHT OF EMINENT DOMAIN: EVIDENCE. Where persons are shown to be familiar with the value of a particular piece of land, across which a railroad has been built, they may be permitted to testify as to the value of such tract immediately before the location of the road, and to the value thereof immediately afterwards.

2. ———: CASE OVERRULED. The third point in the syllabus of the F. E. & M. V. R. R., 11 Neb., 585, modified.

3. **Exception to Evidence.** An exception must be taken to the admission of improper testimony if it is sought to review that question.

4. **Charge to Jury.** Oral statements made by the judge to the jury as to the law of the case must be excepted to, to be reviewed on error.

ERROR to the district court for Franklin county. Tried below before GASLIN, J.

*T. M. Marquett* and *J. W. Deweese,* for plaintiff in error, cited: *City of Parsons v. Lindsay,* 26 Kan., 430. *F. E. & M. V. R. R. v. Whalen,* 11 Neb., 587. *Alabama R. R. v. Burkett,* 42 Ala., 83. *Harrison v. Iowa R. R.,* 36 Ia., 323. *Farrard v. C. R. R.,* 21 Wis., 435. *Evansville R. R. v. Fitzpatrick,* 10 Ind., 120.

*George W. Sheppard* and *W. J. Lamb,* for defendants in error.

MAXWELL, J.

The defendant is the owner of the north half of the northeast quarter of sec. 3, town 1, range 15, in Franklin county. The plaintiff located its line of railroad across said land and applied for the appointment of commissioners to appraise the damages occasioned to said land by such location. The commissioners were appointed and appraised the damages at the sum of $77. The defendant then appealed to the district court, where a verdict was returned in his favor for the sum of $450, upon which judgment was rendered. At the time of the location of the road the land above described was nearly all in cultivation, and seems to have been part of a farm of about 160 acres. Testimony showing this fact was offered by the

defendant and excluded, and as he is not here complaining, that question is not before the court.

The character of the road bed across this land is stated by the defendant in his testimony as follows:

On the east there is a 400 foot cut and 12 feet deep; then a fill 567 feet long and 22½ feet high, sloping both ways; then a cut 472 feet long and 11½ feet deep; then bridge; then fill 243 feet long, 14½ feet high in highest place; then a cut 189 feet long and 5 feet deep at the deepest place; then a fill 162 feet long and 9½ feet deep; then a cut 135 feet long and 4 feet deep; then a fill 162 feet long and 9 feet deep or high; then another cut 350 feet long and 5 feet high or deep."

This is not denied.

The first error relied upon is that the court permitted Arnold and his witnesses to testify to the amount of damages he had sustained, and in not confining them to a statement of facts and allow the jury to find the amount of damages from the facts thus detailed. A complete answer to this objection is found in the fact that no objection was made to this mode of proof.

We do not find an exception on that ground in the record. The objection therefore was waived. Aside from this the writer desires to say that a pretty full examination of the authorities since the case of the *F. E. & M. V. R. R. v. Whalen*, 11 Neb., 587, was decided, has convinced him that the proper mode of assessing damages in such cases is by calling experts—men acquainted with the land and its value, and who are capable of estimating the injury sustained. It still devolves upon the jury to harmonize the testimony as far as possible, and in case of conflict to determine which witness or witnesses have correctly estimated the damages. Unless persons familiar with the value of the land and the damages sustained are allowed to give their evidence, satisfactory verdicts cannot be expected, because the jury, unless familiar with the value of

land in that particular locality, which in most instances will not be the case, will be left entirely to conjecture as to damages, and will place them high or low as they may feel inclined or as whim or caprice may impel them. And a verdict obtained in such manner ordinarily cannot be reviewed upon the facts, because the basis upon which the jury estimated damages is not before the court. In an action for the conversion of property, experts will be allowed to testify as to its value. Likewise in an action for injury to personal property. The same rules certainly apply to the appraisement of damages for right of way. The rule in the case above cited, therefore, should be so modified as to permit experts to testify.

The second objection relied upon is that the court allowed the defendant to testify as to the particular business he was in, and to estimate the damages upon the basis of use he intended the land for. The testimony as to the business—that of brewer—in which the defendant was engaged was not improper, because he carried on the business upon the tract of land in question. And there is no testimony to which objection was made showing damages to his business. This objection, therefore, is not well taken.

The third objection relied upon is that during the progress of the trial the judge said to the jury: "I will state to the jury that they are only to consider the account for damages to the building of the brewery, if any, and not to the benefits or profits in the future." Under our system of practice it is not intended that the judge during the progress of the trial shall make oral statements or give directions to the jury calculated to affect their verdict. And if he do so and exception is taken thereto, it may be sufficient to cause the reversal of the case. The reason is, the law requires the court to state the law applicable to the facts of a case in writing, and does not permit an oral statement. But this is an error that may be waived, and will be unless exception is taken at the time. *Fry v. Tilton*, 11

Neb., 456. *Horbach v. Miller*, 4 Neb., 43. Even had this statement of the law been excepted to, it would not have been sufficient to cause the reversal of the judgment, as it did not prejudice the plaintiff. It is pretty clear that justice has been done and the judgment is affirmed.

JUDGMENT AFFIRMED.