B. & M. R. R. Co. v. Schluntz.

THE B. & M. R. R. CO., PLAINTIFF IN ERROR, V.
CHRISTIAN SCHLUNTZ, DEFENDANT IN ERROR.

| 14 | 421 |
|----|-----|
| 16 | 275 |
| 16 | 581 |
| 18 | 93 |
| 14 | 421 |
| 25 | 145 |
| 14 | 421 |
| 50 | 709 |
| 55 | 350 |
| 14 | 421 |
| 56 | 209 |

1. **Eminent Domain:** WITNESS. The owner of land taken for right of way by a railroad company, having resided upon and improved it for several years, who swears that he knows what it is worth, is a competent witness on the question of its value.

2. ——: ——. So, too, are other persons who have resided for several years in the immediate neighborhood of the land, and who seem, upon examination, to be well informed of its situation, condition, and value.

3. ——: ——: DAMAGES. On the trial of a question of damages for an injury to growing crops, neither science nor unusual skill being involved, the witnesses should be confined in their testimony to a statement of the facts showing the injury, and should not be permitted to express opinions as to the amount of the damage or loss occasioned thereby. MAXWELL, J., dissenting.

4. **Railroad:** DAMAGES FOR RIGHT OF WAY. An award of damages, under the statute, for right of way for a railroad, embraces only those damages which may reasonably be anticipated upon the assumption that the road will be built and operated with due care and skill, and with no unnecessary injury to property outside of the right of way.

5. **Appeal from Award.** An appeal from the award of commissioners takes to the district court only those matters covered by the award. It does not include wanton or negligent injuries done to growing crops outside of the right of way during the construction of the road.

6. **Instruction to Jury.** The objection to an instruction that it is not sufficiently explicit, especially in civil cases, will not be regarded unless the matter were brought to the attention of the trial court by a request for one that was satisfactory.

ERROR to the district court for Cass county. Tried below before POUND, J.

*Marquett & Deweese,* for plaintiff in error, on question of damages and method of examining witnesses, cited:

*Railroad Co., in Matter of,* 53 Barb., 457.    35 Howard's
Pr. (N. Y.), 420.    *R. R. Co. v. Hummel,* 27 Pa. St., 99.
*R. R. Co. v. Lazarus,* 28 Pa. St., 203.    *M. V. R. R. Co.
v. Doran,* 17 Minn., 188.    *R. R. Co. v. Payne,* 16 Barb.,
273.    *R. R. Co. v. Young,* 33 Pa. St., 175.    The damages
are to be shown by facts, but must be estimated by the
jury, and not of opinions of witnesses.    *Evansville R. R. v.
FitzPatrick,* 10 Ind., 120.    *Farrard v. C. R. R.,* 21 Wis.,
435.    *Harrison v. Iowa R. R.,* 36 Ia., 323.    *Alabama R.
R. v. Burkett,* 42 Ala., 83.    *F. E. & M. V. R. R. v. Whalen,*
11 Neb., 587.    *City of Parsons v. Lindsay,* 26 Kan., 430.
Damages outside of right of way.    *Eaton v. R. R.,* 59 Me.,
520.    Mills on Eminent Domain, sec. 220.    *Perry v.
Worcester,* 6 Gray., 544.

*Chapman & Beeson,* for defendant in error, on compe-
tency of witnesses, cited: *Smalley v. R. R.,* 36 Iowa, 571.
*Snyder v. R. R.,* 25 Wis., 60.    *Dalzell v. Davenport,* 12
Iowa, 440.    Damages: *R. R. v. McComb,* 60 Me., 290.
*R. R. v. McClure,* 29 Ind., 536.    *R. R. v. Lee,* 13 Barb.,
169.    *Mason v. R. R.,* 31 Me., 215.    Mills on Eminent
Domain, secs. 165, 168.    *Cooper v. Randall,* 59 Ill., 317.

LAKE, CH. J.

The matters assigned for error, and relied on by counsel
as cause for a reversal of the judgment, are found in
the evidence on the question of damages, and in the in-
structions of the court to the jury.    The first point made
by counsel for the plaintiff in error in their brief is, that
the defendant and certain of his witnesses were permitted
" to testify as to the value of the land before and after the
location of the road, without showing themselves qualified
to fix such values."

The defendant himself was the first witness called.    He
was subjected to a very lengthy examination upon the ques-
tion of his competency to testify as to the value of the

property. He swore explicitly that he knew its value, and from the fact that he had lived there for twelve years, had made the improvements upon it, and appears to have possessed ordinary intelligence at least, I am satisfied he was qualified to give his opinion on that point. So, too, of the other witnesses, most of whom were residents of the immediate neighborhood, and all of them well acquainted with the property for several years, and evidently as well informed as to its situation, condition, and value as any that could have been called. In this respect there was no error.

The second objection urged to the ruling of the court on the admissibility of evidence is, that several of the witnesses were permitted, against objection, to give their opinions as to the amount of damages which the defendant had sustained on account of the location of the road, and its subsequent construction by the railroad company.

It appears from the bill of exceptions that several witnesses were examined as to the injury done to certain growing crops, outside of the right of way, during the construction of the road, by those engaged in it. In this connection several witnesses were permitted to give their opinions directly as to the amount of the damages done. Referring to some growing rye, the defendant himself was asked: "What damage was done to the crop?" The answer was "About ten dollars." To a similar inquiry respecting some wheat, this witness answered: "The damage to the wheat crop was eighty-five dollars." Testimony of like import was given by two or three of the other witnesses, one of them, Henry Inhelder, swearing that the damage to the wheat was $100. This was received under objections as to its competency.

In ruling upon this testimony, I think the court erred. Even if those injuries outside of the right of way were a proper subject of inquiry in this suit, which, however, I do not admit, the amount should have been left exclusively to

the jury to find from descriptions given by the witnesses of the crops, their value, and the particular injuries done to them. *Evansville, etc., Railroad Co. v. Fitzpatrick*, 10 Ind., 120. *Ferrand v. The C. & N. W. R. R. Co.*, 21 Wis., 435. *Lincoln v. Saratoga and Schenectady R. R. Co.*, 23 Wend., 425. *Alabama & F. R. R. Co. v. Burkett*, 42 Ala., 185. *Harrison v. R. R.*, 36 Iowa, 323. The question of the amount of the damages sustained by the trespass upon these crops was not one which called for expert testimony. Neither science nor unusual skill was involved in its solution. It was one which the jury, when the particulars of the injuries were brought to their notice, were quite as competent to answer as were the witnesses; and besides, its decision was within their own exclusive jurisdiction, which ought not to have been invaded.

But I am of opinion that back of this question of the competency of evidence lies the fact that this matter of damages by trespasses upon property outside of the right of way, was not then before the court for decision. The case had been brought there by an appeal from an award of damages by commissioners, under the statute, for the right of way for a railroad across the defendant's land. This award embraced only those damages which could then have been reasonably anticipated upon the assumption that the road would be constructed and operated with due care and skill, and with no unnecessary injury to crops or property not within the right of way. Pierce on Railroads, 218. It did not embrace those seemingly wanton or negligent injuries to growing crops, outside of the right of way, by driving teams hitched to plows, scrapers, etc., through them, described by several of the witnesses. The appeal brought to the district court, for decision by a jury, precisely the same questions that were covered by the award, and none other. Matters which the commissioners could not properly have considered to enhance the amount of their award were not proper to be given to the jury to affect their verdict.

In the charge of the court to the jury I see nothing of which complaint can reasonably be made, especially by the plaintiff. The third instruction given at the request of the defendant seems to be regarded by counsel as clearly erroneous. By it the jury were told to consider "any facts which, from the testimony, they should find injured the value of the premises, by a proper and legal use of the road." There was no error in this instruction. It was objected to, it seems, "in view of the character" of some of the testimony before the jury, especially that portion referring to the damages to the growing grain, to which I have already adverted. The error, it seems to me, lies not in the instruction, but rather in the admission of the illegal testimony, against objection, respecting the trespasses to the growing crops.

The objection that one of the instructions was not sufficiently explicit cannot be sustained. In a civil case especially, before this complaint will be regarded, the matter must have been brought to the attention of the trial court by a request for a satisfactory instruction, which was refused. *The Sioux City R. R. Co. v. Brown*, 13 Neb., 317.

For the errors I have pointed out, by which the verdict may have been increased to the amount of one hundred and ten dollars above what it would otherwise have been, the judgment should be reversed and a new trial granted, unless a *remittitur* to that extent be duly entered. If, however, such *remittitur* be filed, the judgment so modified should be affirmed.

JUDGMENT AFFIRMED.

MAXWELL, J., dissented from the third point, as stated in the syllabus.