24 127
28 172

24 127
56 206

24 127
60 363

THE ATCHISON & NEBRASKA RAILROAD COMPANY, PLAINTIFF IN ERROR, V. ELI PLANT, DEFENDANT IN ERROR.

Railroads: DAMAGES FOR RIGHT OF WAY: APPEAL: COSTS. In an appeal from an award of damage, for property taken for right of way purposes, if the appellant fail to obtain a more favorable judgment than was given by the commissioners who made the award from which the appeal is taken, such appellant will be liable for all costs occasioned by the appeal.

ERROR to the district court for Richardson county. Tried below before BROADY, J.

*Marquett & Deweese* and *E. W. Thomas,* for plaintiff in error.

*Isham Reavis* and *C. Gillespie,* for defendant in error.

MAXWELL, J.

The plaintiff in error instituted proceedings in the county court of Richardson county, to condemn certain real estate for right of way purposes, the report of the commissioners being as follows: " We, the undersigned, disinterested freeholders and commissioners, residents of Richardson county, Nebraska, appointed by the county judge of said county to appraise the damages accruing to Eli Plant by reason of the appropriation of that part of the following described real estate, taken for right of way, side track, and railroad purposes by the Atchison and Nebraska Railroad Company, situated in said Richardson county, as shown on the plat and profile of said road as submitted to us by the agent of said railroad company, viz.: The right of way two hundred feet wide on each side of the center line of the located roadway of said company; as staked out upon the south-east quarter of section thirteen, and upon the east half of the south-west quarter, all of section thirteen, town one north, of range 17 east of 6th P. M., and belonging to Eli Plant, having been duly qualified, and having each personally examined said premises on' the day and at the time mentioned in notice filed with the county judge at the office of said county judge in said county, find the quantity of land taken, and value thereof, as follows, to-wit: 20¼ acres of land at $75 per acre, amounting to the sum of $1,518.75; all other damage accruing by reason of the taking of said land we do appraise at the sum of $1,481.25; and we hereby accordingly award and appraise said value and damages at the total sum of $3,000."

From this award the railway company appealed to the district court of Richardson county, and on the trial of the cause in that court the jury returned the following verdict: "We, the jury in this case, being duly impaneled and sworn and affirmed, find all the issues of this cause in favor

A. & N. R. R. Co. v. Plant.

of said Eli Plant, plaintiff, and against the said Atchison & Nebraska Railroad Company, and we do find and assess the said plaintiff's, Eli Plant, damages to be and at the sum of $3,000.

"JOHN LICHTY,
" *Foreman.*"

The court submitted the following interrogatories to the jury, viz.:

"If the jury believe from the evidence that the owner of the land is entitled to damages to the land not taken, they will answer the following questions:

"What is the whole amount of your verdict?
"Answer. $3,000.
"What do you find to be the value of the land taken?
"Answer. $1,012.50.
"Do you allow damages for the portion not taken? If yes, how much?
"Answer. $1,987.50.

"JOHN LICHTY,
" *Foreman.*"

Judgment for $3,000 was thereupon entered on the verdict in favor of the plaintiff and against the defendant, the costs being taxed to the defendant. The defendant thereupon filed a motion to retax costs, which was overruled.

It will be observed that the amount allowed by the jury for the land actually taken is somewhat less than that awarded by the commissioners, while that allowed for incidental damages is greater than that awarded by the commissioners, the aggregate being the same. No objections are made on this ground, however. Where property is condemned for right of way purposes, and an appeal taken to the district court, the damages are to be estimated at the time the property is taken. If the railway company appeals and fails to reduce the amount allowed by the

commissioners, the appellee will be entitled to interest on the award.

In *Sioux City Railroad v. Brown*, 13 Neb., 317, this court held that, where the verdict exceeded the award, the land owner was entitled to interest. That decision conformed to the facts in that case, and was not intended to preclude a land owner from recovering interest in case of an appeal by the railway company, where it fails to reduce the amount of the award. Suppose the land owner is satisfied with the amount of the award, but the railway company is not, and therefore appeals and keeps the land owner out of the use of his money for one or two years, and on the trial fails to reduce the amount of the award. Here the land owner has been kept out of the use of his money by no fault of his, and the party who has caused the delay should be liable for the use of the money. This is a just and equitable rule, fair alike to the railway company and the land owner, and was applied in *Berggren v. The F., E. & M. V. Railway Co.*, recently decided by this court.

There is nothing in the record to show that the jury allowed any interest on the damages sustained by the plaintiff. In fact the verdict repels any inference that interest was allowed.

Section 97 of chapter 16 of the Compiled Statutes provides, "That if, on appeal, the appellant shall not obtain a more favorable judgment and award than was given by said freeholders, then such appellant shall be adjudged to pay all the costs made on such appeal; *Provided further*, That either party may appeal from the decision of the district court to the supreme court of the state, and the money so deposited shall remain in the hands of the county judge until a final decision be had, subject to the order of the supreme court."

The defendant failed to reduce the amount of the award, and therefore is liable for the costs in the case.

There is no error in the record, and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.