CITY OF OMAHA, PLAINTIFF IN ERROR, V. BALTAZ KRAMER, DEFENDANT IN ERROR.

1. **Eminent Domain**: DAMAGES: EVIDENCE. A witness called to testify to the damages to certain private property from the location and construction of a public improvement near it, may state what the property was worth immediately before the location and construction of the improvement, and immediately afterwards; in other words, what the property was worth without the improvement, and what it is worth with it, not considering general benefits, but cannot be permitted to state the amount of damages thereby sustained by the land owner, as that is a deduction to be made by the jury from the evidence.

2. ———: CONSTITUTIONAL LAW. The words, "or damaged," in Sec. 21, Art. I. of the constitution, include all damages arising from the exercise of the right of eminent domain which cause a diminution in the value of private property.

ERROR to the district court for Douglas county. Tried below before HOPEWELL, J.

*John L. Webster*, for plaintiff in error, cited: *B. & M. R. R. Co. v. Beebe*, 14 Neb., 463. *Yost v. Conroy*, 92 Ind., 464. *Teerpenning v. Corn Exchange Ins. Co.*, 43 N. Y., 279. *Penn. R. R. Co. v. Marchant*, 27 Am. Law Reg., 381. *Julia Building Ass'n v. Bell Telephone Co.*, 88 Mo., 258. *City of Denver v. Bayer*, 7 Colo., 113. *Chicago & Pacific R. R. Co. v. Francis*, 70 Ill., 238. *Page v. Chicago, Milwaukee & St. Paul R. R.*, 70 Ill., 328. *City Council of Montgomery v. Townsend*, 80 Ala., 489. *City of Shawneetown v. Mason*, 82 Ill., 337. *G. C. & Sante Fe R. R. Co. v. Eddins*, 60 Texas, 656. *Spencer v. R. R. Co.*, 23 West Va., 406. *Moore v. City of Atlanta*, 7 Ga., 611. *City of Atlanta v. Greene*, 67 Ga., 386.

*Warren Switzler*, for defendant in error, cited: Mills on Eminent Domain, 2 Ed., 1888, Sec. 165. *Snyder v. Western R. R. Co.*, 25 Wis., 61. *Shattuck v. Stoneham, etc.*,

6 Allen (Mass.), 116.   *Carter v. Thurston*, 58 N. H., 104.
*Snow v. Boston & Maine R. R. Co.*, 65 Me., 230.   *M. P.
R. R. v. Hayes*, 15 Neb., 227.   *Brainard v. Boston R. R.*,
12 Gray, 407.   *Wichita, etc., v. Kuhn*, 16 Pac. Rep., 76.
*Gottschalk v. L. & N. W. R. R. Co.*, 14 Neb., 389.   *R.
V. R. R. Co. v. Fellows*, 16 Neb., 169.   *Chicago v.
Taylor*, 8 Supreme Court Reporter, 820.   Sutherland on
Damages, 3d Vol., 434.   Mills on Eminent Domain, paragraph 206.

MAXWELL, J.

This is an appeal from the award of damages allowed
the defendant in error, caused by the construction of the
viaduct across the railway tracks on Eleventh street in the
city of Omaha.   On the trial of the cause the jury returned a verdict in his favor for the sum of $2,000.   The
city assigns a number of errors in this court.   Those
which are deemed material will be noticed in their order.

1st.   That the judgment is not sustained by sufficient
evidence.

The property in controversy is situated on the northwest corner of 11th and Jones streets, in Omaha, and
fronts on each of said streets 66 feet.   An examination of
the testimony shows that witnesses called by Mr. Kramer
were asked questions in this form, to show the amount of
damages sustained: "In your opinion what was the damage to that property, if anything, by the construction of
this viaduct?"   The witnesses then, over the objection of
the city attorney, were permitted to state the amount of
damages to which in their opinion the defendant in error
was entitled.   In this we think the court erred.

In *Republican V. R. Co. v. Arnold*, 13 Neb., 485, it
was held that a witness familiar with the value of a particular piece of land across which a railroad was built
might be permitted to testify to the value of such tract im-

mediately before the location of such road, and to the value thereof immediately afterwards—not taking into consideration general benefits. This rule seems to be the proper one under which witnesses will state facts—the relative value of the property—and the duty will then devolve upon the jury of deducing from the testimony the amount of damages. Under this rule the basis upon which each witness makes his computation is before the jury, who may thus compare the different valuations, and also consider the weight to be given to the testimony of each witness, whereas, if the witness swears to a conclusion—the amount of damages—the basis upon which he makes his estimate will be wanting. We therefore adhere to the rule heretofore adopted, as best calculated to elicit the facts and do justice between parties.

2d. As there must be a new trial we will not discuss the instructions at length, but instead thereof will state the general rule governing the recovery of damages.

The attorney for the city contends that what are termed consequential damages cannot be recovered, as they are not within the language of the constitution, and the case of *Penn. R. Co. v. Marchant*, 27 Am. Law Reg., 381, is cited to sustain that position. In that case the plaintiff below was the owner of property on the north side of Filbert street, in the city of Philadelphia, and brought an action against the railway company to recover damages for injury to his property on said street caused by the operation of its elevated railroad. The latter is constructed on land owned by the corporation, and the entire width of Filbert street intervenes between the railroad and the complainant's house. He complains of the noise, dust, smoke, and cinders, and the constant jar caused by passing trains, the effect of which is to depreciate the market value of the property. In the court below the complainant recovered judgment. The constitution of Pennsylvania contains the following provision:

"Municipal and other corporations, and individuals in-vested with the privilege of taking private property for public use, shall make just compensation for property taken, injured, or destroyed by the construction or enlarge-ment of their works, highways, or improvements, which compensation shall be paid or secured before such taking, injury, or destruction."

A majority of the court, by Paxsón, J., concede that the diminution of value of the complainant's property by reason of the elevated railway spoken of is established, but hold that there can be no recovery, because the word "injury" or "injured," as used in the constitution, means such a legal wrong as would be the subject of an action for damages at common law.

We entertain a high regard for the supreme court of that state, and have had frequent occasion to cite its deci-sions and quote from the opinions, but we cannot give our assent to the doctrine above expressed. An examination of the majority opinion shows that, while the court insists that it has no right to inject words into the constitution, it has in fact apparently injected the words, "a legal wrong such as would be the subject of an action for dam-ages at common law." In other words, it limits the right to recover to legal injuries, instead of injuries in fact.

Section 21, article I. of the constitution of this state provides that, "The property of no person shall be taken or damaged for public use without just compensation therefor." The section above taken, except the words "or damaged," was in the constitution of 1867. Under that constitution, if any portion of a person's real estate was taken for public use, he could recover all the damages sus-tained by the taking; but if none of his real estate was taken for public use he could recover nothing, although his property had been greatly damaged by such use. The provision, therefore, is remedial in its nature, and the well known rule that, in the construction of remedial statutes

three points are to be considered, viz., the old law, the mischief, and the remedy, and so to construe the act as to suppress the mischief and advance the remedy, is to be applied. 1 Blackstone Com., 87. Applying this rule to the provision in question, and it embraces all damages which affect the value of a person's property, and includes cases like that under consideration. In other words, the words, "or damaged," in Sec. 21, Art. I. of the constitution, include all actual damages resulting from the exercise of the right of eminent domain which diminish the market value of private property. *Reardon v. San Francisco*, 66 Cal., 492. *Atlanta v. Green*, 67 Ga., 386. *C. & W. I. R. Co. v. Ayers*, 106 Ill., 511. *Rigney v. Chicago*, 102 Id., 64. *St. L., V. & T. H. R. R. Co. v. Haller*, 82 Id., 208. *Hot Springs R. R. Co. v. Williamson*, 45 Ark., 429. *Gottschalk v. C., B. & Q. R. Co.*, 14 Neb., 550. *Schaller v. Omaha*, 23 Id., 325.

The fact that damages are consequential will not preclude a recovery, if the construction and operation of the public improvement is the cause of the injury; and it is not necessary that the damages be caused by trespass or an actual physical invasion of the owner's real estate. The test is: Excluding general benefits, is the property in fact damaged? If so, the owner is entitled to compensation.

It is not within the scope of the authority of the law-making department of the government to take the property of A and give it to B, even if B has the right to condemn property for public use. This being so, it is equally beyond the power of such department to confer the right on B to damage or destroy the property of A without making compensation therefor. The right of the legislature to authorize the taking of private property for public use is based on the condition that an equivalent in value be paid to the owner. If property is diminished in actual value by reason of a public improvement, it is to

the extent of the diminution taken for public use, as much so as if it was directly appropriated.    The cases differ in regard to the mode of appropriation only.    In the one case all the property is taken, while in the other it is taken only to the extent that it is diminished in value, and in either case the owner is entitled to be compensated for his loss.    Laws are made to protect private rights, and not to destroy them, the only exception being where a party by his own fault has forfeited the same.    By protecting and enforcing the rights of each individual, the rights of all are respected and secured, and the humblest person made to feel that he can suffer no wrong to his estate without receiving adequate redress.    Constitutional guarantees are of little avail unless carried out in the spirit in which they were framed, and no plea of public benefits should be permitted to impoverish the owner of private property, or override a plain constitutional inhibition.    If the public desire to erect works for public use, then the public— the party benefited—must bear the burden, while each owner of private property, as one of the public, in some of the modes provided by law, must pay his share of the indebtedness or expense, and thus the burdens are equalized.

The judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.