BURLINGTON & M. R. CO. v. EMILY T. WHITE.

[FILED DECEMBER 4, 1889.]

1. **Eminent Domain**: DAMAGES : WITNESSES. Where witnesses are shown to be familiar with the value of a particular piece of land across which a railroad has been built, they are competent to testify as to the value of such tract of land immediately before the location of the road and to the value thereof immediately afterwards. (*R. V. R. R. v. Arnold*, 13 Neb., 485 ; *N. E. N. R. Co. v. Frazier*, 25 Neb., 53-4.)

2. ———— : ELEMENTS OF DAMAGE. Where there is a stone quarry upon the right of way which will be destroyed by reason of the grading and road-bed, witnesses familiar with the value of such quarry may be interrogated in regard to the same, as its value is a proper element of damages for the consideration of the jury. So where a dwelling house is situated on the right of way and will become the property of the company condemning the land.

3. **Instructions** set out in the record, *held*, properly given, and those refused were not based on the evidence.

4. **Damages**: INTEREST : ERROR WITHOUT PREJUDICE. Where the amount of the verdict exceeds the award of the commissioners the jury should be instructed to allow interest on the value from the time of condemnation. (*S. & P. R. Co. v. Brown*, 13 Neb., 318.) Where, however, such instruction was withheld by the judge at the request of the attorneys for the railway company upon an agreement that if the verdict exceeded the award the court might add interest thereto, *held*, that as the verdict did exceed the award, therefore the land owner was entitled to interest on the value as found by the jury, and that a judgment for interest on the verdict, although irregular, was error without prejudice.

ERROR to the district court for Saunders county. Tried below before POST, J.

*T. B. Wilson,* and *Marquett & Deweese,* for plaintiff in error.

*Lamb, Ricketts & Wilson, contra.*

Most of the cases cited by counsel are referred to in the opinion.

MAXWELL, J.

The defendant in error in the year 1886 was possessed of a quarter section of land a short distance below Ashland, and the plaintiff in error desiring to change the line of its road located the same on the south side of Salt creek over the land in question and caused the necessary right of way to be condemned, the award of damages to Mrs. White being $975. She then appealed the cause to the district court, where a verdict was returned in her favor for $2,300. The court thereupon added interest at seven per cent on the amount of the verdict from the date of condemnation and rendered judgment for $2,689.08. The railway company brings the cause into this court by petition in error.

The first error assigned is in permitting witnesses to testify to the amount of damages sustained by the land owner. That is, the value of the land actually taken and the diminution in value of the residue, and the case of *F., E. & M. V. R. R. v. Whalen,* 11 Neb., 587, is cited to show that a different rule prevails in this state. The rule applied in the case cited was borrowed from another state and was found to be liable to cause great injustice, as no matter how great an error the jury might commit it was impossible to review the verdict upon the facts. The rule therefore was changed to guard, protect, and enforce the rights of both parties. (*Railroad v. Arnold,* 13 Neb., 487;

*City of Omaha v. Kramer,* 25 Id., 489; *N. E. N. R. R. Co. v. Frazer,* Id., 54.)

Some of the commissioners were called as witnesses by the plaintiff in error and testified substantially that the damages sustained by the defendant in error in their opinion were about $1,000. They were cross-examined as to the mode of estimating damages and what matters were taken into consideration by them. This was proper in order to place before the jury the basis upon which their estimates were made. The testimony tends to show that there was a stone quarry on the right of way taken, which in consequence of the building of the road could not be worked. It is objected that proof on this point was permitted, as it was not a proper element of damage; also that there was a dwelling house taken which was shown to be worth a certain sum, the witnesses, however, not agreeing on the value. These certainly were proper elements of damage. The quarry was a source of revenue and had a value as a quarry and the dwelling would be taken at what it was found to be worth. (*Forney v. Railroad Company,* 23 Neb., 469.)

The land owner cannot prevent the appropriation of his land when needed for right of way, but the law guards his rights by requiring full compensation to be made for the portion taken. A full inquiry was necessary therefore to enable the jury to arrive at the facts in the case.

In a number of cases the court has held that the question of the amount of damages in a given case was one for the consideration of the jury, and that the verdict would not be set aside unless it was clearly wrong. Suppose certain witnesses called by the land owner should fix the damages in the aggregate at $15 per acre for the land not taken, while those called by the corporation should place the amount at but five dollars per acre, a jury of the county, presumably familiar with the values therein, would be enabled to give credit to such witnesses as in their opinion

made the most accurate estimate.  The cases which have come before this court show that the lower or medium estimates are more frequently accepted than the higher, no doubt because the juries regard them as the more accurate. The evidence fully sustains the verdict and there is no material error in the introduction of evidence.

The court gave the following instructions:

"First—This is an appeal from the award of damages sustained by plaintiff by reason of the location and construction of defendant's railroad over and acro·s the east half of the southwest quarter, and the southwest quarter of the southwest quarter of section 31, in township 13, of range 10, of this county.  If you find from the evidence that the plaintiff was, at the date of the location and construction of the defendant's said railroad, the owner of the whole of said quarter section, then you are instructed that plaintiff would be entitled to recover in this action whatever damages you may find from the evidence she sustained upon the whole quarter section, if any, notwithstanding only part thereof was described in the condemnation proceedings.

"Second— You are instructed that in estimating plaintiff's damages you will take into consideration all such injuries to the property as necessarily result from the legal and proper construction of defendant's road in the manner shown by the evidence, and also that resulting from its lawful and proper and perpetual use in the future.

"Third—You will first estimate the value of the strip of land actually taken and occupied by the defendant, and to this sum you will add the damages, if any, which you find from the evidence was sustained by the remainder of the plaintiff's said farm.

"Fourth—If you find from the evidence that upon the strip of land as occupied and taken by the defendant there was at the time it was taken a stone quarry, which, by the construction and maintenance of defendant's road over it, has been rendered less valuable or impracticable to work,

then you will take such facts into consideration in estimating the amount plaintiff should recover for the strip of land actually taken and occupied by defendant.

"Fifth—You are instructed that if you find from the evidence that the house on these premises stands within the right of way of defendant's road, then plaintiff should recover for the value of such right of way, including the value of the house as shown by the evidence."

These instructions conform to the evidence and were properly given.

The plaintiff in error requested the following instructions:

"First—The jury are instructed that in assessing damages due the plaintiff for the right of way taken by the defendant company, they must not allow any damages that were sustained by the lessee of said premises. If you find that said premises were leased by the plaintiff to one Spere, for the purpose of farming, pasturing, and quarrying stone, then the damages done by the appropriation of said right of way to the use and benefits of said premises and quarry during the time said premises were leased must not be allowed in favor of the plaintiff.

"Second—The jury are further instructed that in assessing damages due the plaintiff the jury must not take into consideration future benefits and profits that might arise from the use of the premises, but the damages to be allowed are the actual damages to the property caused by the taking of the right of way at the time the same was taken.

"Third—If the jury find that there was any stone on the right of way taken, after the interest of the lessee has expired and over and above the damages caused to the lessee, then you are instructed that you cannot allow plaintiff damages suffered on account of the stone quarry separate and apart from the land ; the stone in the land is a part of the realty ; and the only damages you can allow is the difference in the fair market value of that land at the time

the right of way was taken from what the fair market value of the land was just before the taking.

"Fourth—The jury are instructed that the damages you are to consider are such as arise alone from the right of way taken for the line of road south of Salt creek. The other line, to the north, is not involved in this controversy, and you will find the fair market value of the plaintiff's land, as a whole, just before or at the time the right of way south of Salt creek was taken, and then find the fair market value of the same land just after said right of way was taken; then you will deduct the last amount from the first and the difference between these two amounts should be the amount of your verdict."

The third and fourth were refused, to which refusal exceptions were taken, and error is now assigned thereon.

The third instruction asked was properly refused. Both sides had examined witnesses upon the value of the quarry, and such testimony was for the consideration of the jury. The instruction in question would practically have withdrawn such testimony from their consideration and given a decided advantage to the plaintiff in error.

The fourth instruction was properly refused.

The question of the abandoned right of way north of the creek was not involved in the case, and there was no evidence to support the instruction asked, and on the mode of estimating damages the court had previously stated the correct rule.

The attorneys for Mrs. White asked the following instruction: "If you find that the plaintiff's damages exceed the sum of $975, then you will add to such sum as you may find to be her damages interest thereon from the 30th day of June, 1886, at 7 per cent per annum."

It seems that this instruction was shown to the attorneys for the railway company, who protested against giving the same as it would apprise the jury of the amount of the award of the commissioners, and the judge, in deference to

their protest, withheld the same, as he claims, upon an agreement that if the verdict exceeded $975, interest would be added to the amount thereof, and the court, at the time, entered the following order : ·

EMILY . T. WHITE

v.

BURLINGTON & MISSOURI RIVER RAILROAD COMPANY.

"Upon the trial of this cause came the plaintiff, and requested the court to instruct the jury that if they found that plaintiff was entitled to more than $975, then they should add interest to the amount they should find, from June 30, 1886, at 7 per cent, and the defendant thereupon requested the court to withhold said instruction in order that the jury might not be informed of the amount of the award appealed from, and thereupon the instruction so requested by the plaintiff was, at the request of the defendant, withheld from .the jury upon the understanding that in event the jury should return a verdict for an amount greater than that awarded in the county court, this court should add interest to said verdict and include the same in the judgment in this cause."

Each of the attorneys for the railway company filed an affidavit denying any agreement that the court might add interest to the verdict in case it exceeded the amount of the award, but we do not find any denial that they requested the court to withold the instruction in question. In a number of cases this court has held, that where the verdict exceeded the award the land owner was entitled to interest. (*Sioux City, etc., R. Co. v. Brown*, 13 Neb., 317 ; *A. & N. R. R. Co. v. Plant*, 24 Id., 130.) In the case last cited it is said : "Suppose the land owner is satisfied with the amount of the award, but the railway company is not, and therefore appeals and keeps the land owner out of the use of

his money for one or two years, and on the trial fails to reduce the amount of the award. Here the land owner has been kept out of the use of his money by no fault of his, and the party who has caused the delay should be liable for the use of the money. This is a just and equitable rule, fair alike to the railway company and the land owner, and was applied in *Berggren v. F., E. & M. V. R. R. Co.,* recently decided by this court."

In *Sioux City, etc., R. R. Co. v. Brown, supra,* the jury were instructed that in case the value of the lots was found by them to exceed the award appealed from they should allow interest on that value from the time of condemnation. The opinion was written by Chief Justice LAKE, who says: " While there is some little diversity in the ruling of different courts upon the question of the right of an appellant to interest in such cases it now seems to be firmly settled that, under a statute like ours, where, notwithstanding the appeal, the company may occupy the land, while the owner may not take the money deposited under the award, interest should be added to the value of the land from the time the owner became entitled to compensation." See Pierce on R. R., 220, and the cases there cited. " The cases cited by counsel for the plaintiff in error upon this point, particularly *Concord R. R. v. Greely,* 23 N. H., 237, and *Shattuck v. Wilton R. R.,* Id., 269, do not support him in his position. By the statute under which these two cases were decided, in case of appeal from an award of damages for right of way, the railroad company had the option, either to deposit the money awarded for the use of the land owner, or to give security for the costs and damages that might be adjudged on the appeal. And, if a deposit were made, the land owner had the privilege of taking it without prejudice to his appeal. Under these provisions it was held that if a deposit of the amount of the award were made, interest was allowable only on what was finally recovered on the appeal in excess of the de-

posit; if, however, there was no deposit, but the company elected to give security for the payment of the costs and damages finally adjudged, so that the land owner could not have the use of the money, then interest on the whole amount should be given. In principle those decisions seem rather to uphold the view taken by the court below, inasmuch as by our statute it is provided that the deposit, in case of an appeal, " shall remain in the hands of the probate judge until a final decision be had," so that it is legally impossible for the owner, although deprived of his land, and all benefit of a possible rise in its value during the delay, to have the use of the money until the proceedings under the appeal are terminated."

Mrs. White therefore was entitled to interest on the verdict and the instruction in question should have been given. It was evidently withheld as a supposed favor to the railway company, and while we hope that in no case hereafter it will be repeated, yet we must accept the statement of the judge that the agreement was made as therein set forth. No doubt it was entered into with the best intention and as a means of obtaining a fair verdict, but all proceedings relating to a trial should be transacted publicly in open court. The law has no favorites—equal justice to all being its motto.

Besides Mr. Shedd, a witness called by the plaintiff in error, had testified that he was one of the commissioners who made the award and that the amount of damages sustained by Mrs. White was about $1,000, and he was corroborated in this by another one of the commissioners. Their estimate and award therefore were in effect before the jury. And in a case of this kind where the award is considerably less than the actual damages sustained the statement of the amount of award instead of being testimony favorable to the land owner is frequently evidence against him and probably would have been so in this case.

As Mrs. White was entitled to interest on the amount of

condemnation money, of which she has been deprived for a long time there was no error in allowing the same, although the procedure in doing so was irregular. It is apparent that substantially justice has been done and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.