## CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY v. CHARLES BUEL.

FILED OCTOBER 5, 1898.   No. 8266.

56 205
62 7

1. **Eminent Domain:** INTEREST ON AWARD OF DAMAGES. Where, on an appeal from an award of damages for land taken for right of way purposes, the damages are found to exceed the award of the commissioners, it is proper to instruct the jury to allow interest from the time of condemnation at the rate of seven per cent per annum.

2. **Review:** EVIDENCE: CROSS-EXAMINATION. A party cannot obtain a reversal on account of the admission of incompetent evidence which he brought out on the cross-examination of the witness of his adversary.

3. ———: ———. Error cannot be predicated upon the refusal to eliminate from the record the testimony which the party complaining himself introduced.

4. **Eminent Domain:** MAP OF PREMISES: EVIDENCE. On the trial of an appeal from an award of damages for land appropriated for railroad purposes a map or plat of the premises, shown to be correct, is admissible in evidence.

5. ———: EVIDENCE: VALUE OF PROPERTY: WITNESSES. The owner of land appropriated by a railroad company for right of way, who has resided upon and cultivated the land and is familiar with the value thereof, is a competent witness on the question of its value.

6. ———: RAILROADS: ELEMENTS OF DAMAGE. The elements of damage for the construction of a railroad across a farm are the actual value of the portion taken and the depreciation in value of the remainder caused by the proper construction and operation of the railroad, excluding general benefits.

ERROR from the district court of Lancaster county. Tried below before TIBBETS, J. *Affirmed.*

*L. W. Billingsley* and *R. J. Greene,* for plaintiff in error.

*Charles E. Magoon, contra.*

NORVAL, J.

The Chicago, Rock Island & Pacific Railway Company instituted proceedings for the condemnation of right

of way over and across the land of Charles Buel and for the assessment of his damages in the premises. The commissioners appointed by the county judge assessed the damages at $800, and from said award an appeal was prosecuted to the district court, where the landowner obtained a verdict and judgment in the sum of $1,957.50. The railway company has brought error proceeding in this court to review the record of the trial.

The first assignment argued in the brief is directed against the ninth or last instruction given by the court on its own motion, which was to the effect that if the jury ascertained that the value of the land taken for right of way purposes and the damages to the remainder of the tract, if any, determined in accordance with the previous instructions, together, exceeded the sum of $800, —the amount awarded by the commissioners,—interest was to be allowed at the rate of seven per cent per annum on the entire sum found by the jury to be due the plaintiff below. This instruction is in harmony with many adjudications of this court, and is opposed to none. It is well settled that where, on an appeal for an award of damages for lands taken for right of way, the damages are found to exceed the sum returned by the commissioners, the owner is entitled to interest from the date of the appropriation. (*Sioux City R. Co. v. Brown*, 13 Neb. 317; *Berggren v. Fremont, E. & M. V. R. Co.*, 23 Neb. 20; *Atchison & N. R. Co. v. Plant*, 24 Neb. 127; *Burlington & M. R. R. Co. v. White*, 28 Neb. 166.)

The gist of the argument of counsel for the railway company is that evidence was adduced as to damages occasioned by the destruction of crops, by digging a ditch, and various other items of damages, and that the instruction assailed permitted a recovery of interest on such damages from a date long anterior to the time they accrued. This is not a fair criticism of the doctrine announced by the court. The ninth paragraph of the charge, in express terms, confines the jury in the determination of the damages to the principles laid down for

their guidance in the other portions of the charge, and it is a familiar rule that instructions are to be considered as a whole. The doctrine is distinctly announced in the instructions that plaintiff can recover the actual value of the land appropriated, and the depreciation in value of the portion not taken caused by the careful and proper construction and operation of defendant's road, and that no recovery could be had for loss sustained by the negligent or faulty construction or operation of the road, or by acts of defendant upon plaintiff's land outside of the right of way. So that the jury, if they were guided by the rule given to them by the court, not only did not allow improper elements of damages, such as injury to growing crops, but did not award plaintiff interest thereon for any length of time whatever.

Complaint is made of the allowance of the witness Boarman to testify that the depreciation in value of the land resulted from the embankment constructed by the defendant backing surface water on the land and destroying the crops, and that witness observed water standing on the land after the construction of the road. The record shows that Boarman was called as a witness for the landowner and testified on direct examination as to the value of the land, both before and after the appropriation. It was on cross-examination of the witness by the attorney for the defendant company that the testimony was given of which complaint is now made. A reversal cannot be had for the admission of incompetent evidence brought out by the unsuccessful party. For the same reason error cannot be predicated upon the testimony of plaintiff's witnesses Wilson and Meyers relating to the depreciation in value of the land caused by the damming-up of the water, since the testimony was elicited on cross-examination by the railway company. Moreover, the defendant could not have been prejudiced by this class of testimony, for the jury were directed by the sixth instruction as follows: "You are not, however, to consider any damages to the land not taken, if any

such has been shown by the evidence to exist, occasioned
by reason of the improper or negligent construction of
the defendant's railway, even though such improper or
negligent construction of the defendant's railway ob-
structs the said waterway, and throws the water back
upon plaintiff's land."

It is urged that there was prejudicial error in the trial
court refusing to strike out the evidence of the witness
Boarman as to damages sustained by surface water and
destruction of crops. His testimony having been given
in response to interrogatories propounded by counsel for
defendant, it cannot complain because the court declined
to eliminate it from the record.

Objection is made to the receipt in evidence of a map
of plaintiff's lands. This document was made by a civil
engineer and was shown to be a correct map or plat of the
premises in controversy. It was admissible in evidence
to enable the jury to properly understand and apply the
other evidence adduced on the trial, especially as both
parties used the map in the examination and cross-ex-
amination of the witnesses. (*Village of Culbertson v. Holli-
day*, 50 Neb. 229; *Brown v. Galesburg Pressed Brick & Tile
Co.*, 132 Ill. 649; *State v. Harr*, 17 S. E. Rep. [W. Va.]
794; *Clegg v. Metropolitan S. R. Co.*, 37 N. Y. Supp. 130;
*Le Beau v. Telephone & Telegraph Construction Co.*, 67 N. W.
Rep. [Mich.] 339; *Goldsborough v. Pidduck*, 54 N. W. Rep.
[Ia.] 431; *Chicago, K. & N. R. Co. v. Davidson*, 49 Kan.
589; *Roderiquez v. State*, 22 S. W. Rep. [Tex.] 978.)

Objection is raised to permitting plaintiff to testify as
to the value of the land in dispute. It is argued that
he was not shown to be competent to testify on the ques-
tion of value. The evidence discloses that he owned the
land and cultivated it, was familiar therewith and with
other real estate in the same vicinity, and that he was
acquainted with the value of his farm before and after
the location of the defendant's right of way. He was
competent to testify on the subject of value, even though
he was not an expert, or dealer in real estate. The first

paragraph of the syllabus in *Burlington & M. R. R. Co. v. White*, 28 Neb. 166, reads thus: "Where witnesses are shown to be familiar with the value of a particular piece of land across which a railroad has been built, they are competent to testify as to the value of such tract of land immediately before the location of the road and to the value thereof immediately afterwards. (*Republican V. R. Co. v. Arnold*, 13 Neb. 485; *Northeastern N. R. Co. v. Frazier*, 25 Neb. 53.)" And the first and second divisions of the syllabus in *Burlington & M. R. R. Co. v. Schluntz*, 14 Neb. 421, are as follows: "(1.) The owner of land taken for right of way by a railroad company, having resided upon and improved it for several years, who swears that he knows what it is worth, is a competent witness on the question of value. (2.) So, too, are other persons who have resided for several years in the immediate neighborhood of the land, and who seem, upon examination, to be well informed of its situation, condition, and value." The same principle is stated in *Sioux City & P. R. Co. v. Weimer*, 16 Neb. 272. In the light of these adjudications there is no room to doubt that Buel was competent to testify on the question of value.

We have examined and considered the other rulings of the trial court on the admission of evidence, to which reference has been made in the brief, and discover no error therein prejudicial to the company.

In discussing the fourteenth, fifteenth, twenty-eighth, and twenty-ninth assignments of error counsel for the corporation observe: "The measure of damages in a railroad condemnation where a part only of the land is taken is the fair market value of the land actually taken, plus the depreciation in value of the remainder caused by the proper construction and operation of the road." This is sound doctrine, and is sustained by the decisions of this court. (*Blakeley v. Chicago, K. & N. R. Co.*, 25 Neb. 207; *Chicago, K. & N. R. Co. v. Wiebe*, 25 Neb. 542; *Omaha S. R. Co. v. Todd*, 39 Neb. 818; *Fremont, E. & M. V. R. Co. v. Bates*, 40 Neb. 381; *Chicago, B. & Q. R. Co. v. O'Connor*,

18

42 Neb. 90.) The jury were instructed in accordance with the rule announced in the foregoing authorities. It is true some of the witnesses were interrogated as to the value of the plaintiff's farm before and after the location of the railroad, instead of the market value thereof at those times, but it is manifest from a reading of the evidence that the witnesses and jurors must have understood the expressions "value" and "market value" were interchangeably used, the value of a farm necessarily meaning its market price. Discovering no prejudicial error, the judgment is

AFFIRMED.