In the Matter of the Application of the CENTRAL NEW YORK TELEPHONE AND TELEGRAPH COMPANY, Respondent and Appellant, for the Condemnation of a Right of Way and Certain Easements in the Town of Canton, St. Lawrence County, Belonging to MARGARET WOODS and Others, Appellants and Respondents.

*Condemnation proceedings — the court may confirm or set aside the award of commissioners, but may not reduce it.*

Upon an application to confirm the report of commissioners appointed in condemnation proceedings, the court may, under section 3371 of the Code of Civil Procedure (the Condemnation Law), either confirm or set aside the report, but has no authority to modify it by reducing the award thereby given and afterwards to confirm it.

APPEAL by Margaret Woods and others, the property owners in the above-entitled proceeding, from that part of an order of the Supreme Court, made at the St. Lawrence Special Term and entered in the office of the clerk of the county of St. Lawrence on the 6th day of June, 1898, upon the report of commissioners appointed to assess damages under the Condemnation Law, which modifies the report of said commissioners by reducing the award to the sum of thirteen dollars.

Also an appeal by the petitioner, the Central New York Telephone and Telegraph Company, from so much of said order as awards costs to the said property owners.

*Miller, Fincke & Brandegee* and *John C. Keeler*, for the petitioner.

*Thomas Woods*, for the property owners.

*Lawrence Russell*, for general guardian of infant Nellie Woods.

PER CURIAM:

When the defendants against whom these condemnation proceedings were prosecuted, applied to the Special Term for an order confirming the report made by two of the commissioners, the court made the order in the following terms: " It is ordered and adjudged that said report be in all things confirmed, except as to the award of damages, and in that regard, that said award be modified to the sum of thirteen dollars, the award made being deemed excessive."

Such was the whole of the order, except that part allowing costs to the defendants against the plaintiff.

The defendants have appealed from so much of that order as modified the report by reducing the amount of the award to thirteen dollars.

The plaintiff has appealed from that part of the order allowing costs against it.

It is clear that the court had no authority to modify the report. Section 3371 of the Code of Civil Procedure (the Condemnation Law) provides that the court may confirm the report, or may set it aside for irregularity, etc., or upon the ground that the award is

excessive or insufficient, but nowhere is it given the power to modify it. Both the Constitution and the statute require that the award shall be made, not by the court, but by a commission of three free-holders appointed by the court. When, therefore, the court deemed the award " excessive," it should have set aside the report.

The court declined to confirm the report, so far as it awarded damages, and clearly it had no right to confirm it as modified. We must, therefore, upon this appeal of the defendants, reverse the confirmation of the report as modified; and, inasmuch as that leaves the report wholly unconfirmed, on the ground that the award was excessive, it must be set aside and a rehearing must be had before the same or new commissioners. Such is the order which the Special Term should have made. (See Code, § 3371.) And such order may now be made by this court. (Code, § 3377.)

The order being erroneous, as above stated, the award of costs against the plaintiff was equally unwarranted.

The whole order, therefore, is reversed, and a rehearing is ordered before new commissioners to be appointed by the court at Special Term, upon notice duly given.

No costs on this appeal are allowed to either party.

All concurred.

Order reversed, without costs to either party.