In re BOARD OF WATER COM'RS OF VILLAGE OF WHITE PLAINS.

(Supreme Court, Appellate Division, Second Department.   April 30, 1909.)

1. INTEREST (§ 1*)—WHEN RECOVERABLE.

Where interest is not provided for by statute or by contract, express or implied, the right of a party thereto must arise from a default of the adverse party.

[Ed. Note.—For other cases, see Interest, Dec. Dig. § 1.*]

2. EMINENT DOMAIN (§ 247*)—COMPENSATION—INTEREST.

Under Code Civ. Proc. § 3371, authorizing the court on the confirmation of the report of commissioners to order compensation to be made to the owner, and providing that the deposit of money to the credit of the owner shall be deemed payment, etc., one seeking to condemn property, who·offers to pay the award confirmed by the court, and who, on the owner refusing to accept it, deposits it with the county treasurer to the credit of the owner, is not chargeable with interest on the award as damages for a default.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 638–643; Dec. Dig. § 247.*]

3. EMINENT DOMAIN (§ 251*)—PROCEEDINGS—RIGHT OF APPEAL.

The right of appeal in condemnation proceedings is not inherent, and the Legislature may confer the right, subject to conditions.

[Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 251.*]

4. EMINENT DOMAIN (§ 247*)—COMPENSATION—INTEREST.

Code Civ. Proc. §§ 3375, 3377, providing that condemnation proceedings shall not be stayed on an appeal from the award, except by order of the court, and the appeal shall not affect the petitioner's possession of the property taken, and providing that the increase in the compensation awarded on appeal shall be a lien on the land, etc., contemplate that the owner shall accept the compensation as originally determined, and that, though he does not accept it, it is regarded as paid to him in law, if deposited with the county treasurer, as authorized by· section 3371, and the owner, appealing from the order confirming the award of the commissioners, is not entitled to interest, where the petitioner deposited the award with the county treasurer, but any earnings of the money while in the hands of the county treasurer belong to the owner.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 641, 642; Dec. Dig. § 247.*]

Appeal from Special Term, Westchester County.

In the matter of the application and petition of the Board of Water Commissioners of the Village of White Plains to acquire the property of a waterworks company.   From an order confirming an award of damages, petitioner appeals.   Modified and ˙affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

W. N. Dykman, for appellant.

Louis Marshall, for respondent Westchester County Waterworks Co.

Charles Haldane (David McClure, on the brief), for respondent Farmers' Loan & Trust Co.

JENKS, J.   This appeal is taken by the plaintiff and petitioner from an order of the Special Term to raise the questions of interest upon an award in proceedings by the village of White Plains to con-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

demn the real property of a waterworks company, and of the additional allowance.   The first award of the commissioners, made in 1898 and confirmed by the Special Term on September 1, 1898, was $103,298.   The order of confirmation provided that the plaintiff and petitioner pay such award to the said 'owner and certain lienors thereof, or deposit with the county treasurer of Westchester county the said sum to the credit of the said owner and its lienors, subject to the further order of the court, and upon such payment or deposit the plaintiff and petitioner was authorized to enter and to take possession of the property.   The petitioner, on or prior to September 1, 1898, offered to pay the award to the said owner, which was refused, and thereupon and on said day deposited the said award, and also $5,164.90, the additional allowance, with the said county treasurer to the credit of the proceedings and in accord with the said order of the Special Term, where said sums have remained on deposit.

As the final result of two appeals taken by the owner and a holder of a trust mortgage upon the property, a second award was made by a new commission and has been confirmed by the Special Term.   The second commission reported that the compensation should be $229,725, explicitly stated by it to be constituted of $150,000 for the property and of $79,725 interest thereon from September 1, 1898, the date when plaintiff and petitioner took possession of the property, to .the date of the report.   The plaintiff and petitioner moved to set aside the report in so far as it awarded interest and an additional allowance of 5 per cent. upon this award.   The lienor trust company moved for confirmation; but the owner objected thereto that the award was unjust, inadequate, and illegal.   The Special Term overruled ·all objections, and made the order of absolute confirmation now appealed from by the plaintiff and petitioner, excepting as it confirms the report as to the value of the property and the allowance of interest on the difference between the first and the second awards from September 1, 1898.

As such interest was not provided· for by contract, express or implied, or by statute, the defendants' right .thereto must arise from a· default on the part of the plaintiff. · Matter of Trustees, 137 N. Y. 95, 32 N. E. 1054.   The statute (section 3371, Code Civ. Proc.) provides that:

"If the report is confirmed, the court shall enter a final order in the proceeding, directing that compensation shall be made to the owners," and upon payment thereof "the plaintiff shall be entitled to enter into the possession of the property.condemned, and take and hold it for the public use specified in the judgment."

And the same section provides that:

"Deposit of the money to the credit of, or payable to the order of the owner,.pursuant to the direction of the court, shall be deemed a payment within the provisions of this title."

Aside from the tender or offer of payment, this deposit made satisfied the constitutional provision as to just compensation.   Matter of N. Y. Cent. & ·H. R. R. R. Co., 60 N. Y. 116.   In that case the court, per Rapallo, J., say:

"It is further objected that the order of confirmation is in violation of the constitutional provision against taking private property for public use without just compensation, inasmuch as it does not direct the compensation to be paid to the party claiming to own the land, but to be deposited in bank subject to the order of the court. We do not think this objection tenable. The money, when deposited, becomes, in law, the property of the parties entitled to the compensation. Their land is converted into money; but there may be conflicting claimants of the fund, and the intervention of the court may be necessary for its distribution, or for the adjustment of liens, etc. The fund is subject to the same claims to which the land was before being taken. The railroad act (Laws 1890, p. 1091, c. 565) declares (section 19) that if there are adverse and conflicting claimants to the money, or any part of it, the court may direct it to be paid into court by the company, and may determine who is entitled to the same, and direct to whom the same shall be paid. This statute has been in active operation for nearly a quarter of a century, and we have never before heard of the constitutionality of this provision being questioned; nor is any authority now cited in support of the objection. In the present case it appears that there were liens upon the land, and the direction that the money be deposited was appropriate. Whether the order directed that it be drawn out on an ex parte application, or on notice, we do not think affected its validity."

See, too, United States v. Dunnington, 146 U. S. 350, 13 Sup. Ct. 79, 36 L. Ed. 996.

Lewis on Eminent Domain says:

"When the Constitution expressly requires prepayment, or is so interpreted as to require it, the owner is entitled to the award deposited, if possession has been taken, and may enforce such right by appropriate proceedings."

And further:

"Statutes permitting the party condemning to take possession pending an appeal by either party, upon making a deposit of the damages awarded, are uniformly upheld by the courts."

How, then, can the plaintiff be said to be in default, that he should pay interest as damages therefor?

But it is contended that, as the defendants appealed, they might have jeopardized their appeal, or affected it, by taking compensation before the appeal was disposed of. The right of appeal in such proceedings is not inherent. The Legislature could subject such right when conferred by it to conditions. Accordingly the statute (section 3375, Code Civ. Proc.) provides:

"The proceedings of the plaintiff shall not be stayed upon such an appeal, except by order of the court, upon notice to him, and the appeal shall not affect his possession of the property taken, and the appeal of a defendant shall not be heard except on his stipulation not to disturb such possession."

See, too, Mercer & Somerset Railway Co. v. Delaware & Bound Brook R. R. Co., 26 N. J. Eq. 464; Packard v. Bergen Neck Railway Co., 48 N. J. Eq. 286, 22 Atl. 227.

Thus, as the appeal does not disturb the possession gained by the plaintiff, it would follow that the compensation, which represents the property taken, remains as the property of the defendant. That this is so is apparent from section 3377 of the said Code, which provides that in case of a new appraisal, if the amount of the compensation is increased, the difference shall be a lien upon the land appraised, and shall be paid to the owner or deposited, and if the amount is decreased

it shall be refunded by the owner; Thus it seems to me that the statute, notwithstanding it affords the right of appeal, contemplates that the owner shall accept the compensation as originally determined, and that, even if he does not accept it, it is regarded as paid to him in law, if not in fact, when deposited in accord with the directions of the court. I think that the owner's right of appeal would have been neither jeopardized nor affected by the taking of the compensation determined by the first award. Matter of Petition of N. Y. & H. R. R. Co., 98 N. Y. 12. The sections of the railroad law discussed in that opinion are essentially the same as the provisions of the present condemnation law. See, too, St. L. & K. C. Ry. Co. v. Donovan, 149 Mo. 93, 50 S. W. 286.

Each party in the case at bar may find in other states decisions which support his contention. Lewis on Eminent Domain cites some of them. Examination of the opinions in such cases as make for the respondent shows that the results reached rest upon the general principle that the owner is entitled to payment of his compensation at the time petitioner and plaintiff gains possession of the land, and hence, if the owner be kept out of his compensation, he is entitled to interest thereon as damages for a default. Hayes v. Chicago, Milwaukee & St. Paul Ry. Co., 64 Iowa, 753, 19 N. W. 245; Atlantic & Great Western Ry. Co. v. Koblentz, 21 Ohio St. 334; Sioux City, etc., R. R. Co. v. Brown, 13 Neb. 317, 14 N. W. 407; Chicago, R. I. & P. R. Co. v. Buel, 56 Neb. 205, 76 N. W. 571; Selma, Rome & Dalton R. R. Co. v. Gammage, 63 Ga. 604. The cases which make for the appellant rest upon the proposition that when the owner is tendered, or may obtain forthwith, his compensation, and yet does not take it, he cannot, upon gaining an increase thereof, demand interest save upon that excess.

The case of Shattuck v. Wilton R. R., 23 N. H. 269, is instructive. It was held that when the railroad company paid the original compensation into the state treasury, and it was then tendered to the owner, inasmuch as the money was in the hands of the Treasurer for the use of the owner, there was no principle which should charge thereafter interest against the railroad save on the excess determined by the result of the appeal; but when the railroad, as it could do under the statute, simply filed security upon the appeal of the owner, the owner, because he could not take his compensation until the determination of the appeal, was entitled to interest upon the award as finally determined. The propriety of this distinction is admitted even in Sioux City, etc., R. R. Co. v. Brown, supra.

In St. Louis, Oak Hill & C. Ry. Co. v. Fowler, 113 Mo. 458, 20 S. W. 1069, the court held that, inasmuch as the owner could withdraw the money paid to the clerk, it followed that the company should not be required to pay interest on the amount thus paid in, but only on the excess; and likewise in Chicago, Santa Fé & Cal. Ry. Co. v. Eubanks, 130 Mo. 270, 32 S. W. 658. See, too, Hollingsworth v. Des Moines & St. Louis Ry. Co., 63 Iowa, 443, 19 N. W. 325; In re Navan & King's Court Ry. Co., 10 Ir. Rep. Eq. 113. The case of Neilson v. Chicago, etc., R. R. Co., 91 Wis. 561, 64 N. W. 849, cited by Mr. Lewis as holding the contrary, rests expressly upon West v. M., L.

S. & W. Ry. Co., 56 Wis. 318, 14 N. W. 292, and Uniacke v. Chicago, M. & St. P. R. Co., 67 Wis. 108, 29 N. W. 899. The former case does not discuss the point under review, but the latter case expressly states that there may be equitable considerations which will take a given case out of the rule; e. g.:

"If the sum awarded be paid or tendered to the owner of the land condemned, instead of being paid into court, no interest thereupon should be allowed after such payment or tender."

Mills on Eminent Domain, § 175, says:

"If the amount is deposited in the state treasury for the use of the owner, and might be taken without prejudice to his right of appeal and claim for increase of damages, interest will not be allowed on the tender during·the time of appeal, but only on the excess given on appeal,"

—stating that the English rule is substantially the same, and citing Crystal Palace R. Co., 19 Jur. 995, which should have been cited as 1 Jur. (N. S.) 995.

The learned counsel for the respondent insists that the compensation is neither just nor adequate, if the owner, after the expiration of 10 years, merely receives the value of his property without interest thereon. But this conclusion rests upon the premise that the owner could not take his compensation, at least untrammeled, until the expiry of the 10 years, which is contrary to the law as I view it; for it (save the excess) was tendered to the owner, and in law it was paid to the owner, by the deposit on September 1, 1898, thereof under the provisions of the statute. By affording a second appraisal, the statute does not wholly wipe out the first award; for it stands as the compensation for the loss of the property, subject to increase or decrease, as expressly provided by the statute (section 3377). For these reasons I think the owner is not entitled to any interest as against the petitioner or plaintiff, save on the excess, to be computed from the time that the plaintiff entered into the possession of the premises. I think that any earnings of the money while in the hands of the county treasurer belong to the owner. Lewis on Eminent Domain, § 616, citing Snyder v. Cowan, 50 Mo. App. 430.

There must be fault before there can be default. The practical result of the contention of the respondents is that the plaintiff, who has not only offered to pay the compensation (save, of course, the excess), but has paid it in the eye of the law,·is charged with interest as if for a default. Thus the defendant, by his neglect or refusal to take his money. succeeds in investing it with the plaintiff maugre all the plaintiff can do, at the rate of 6 per cent. per annum. Such a proposition might readily work a mischievous result. Assume that an owner, dissatisfied ·with an award of $100,000, succeeds upon an appeal in increasing it by $1,000, or even $10; he could then charge the plaintiff, who had done all that he could to pay the $100,000 forthwith, with interest upon $100,000 during the period intervening the deposit and the determination of the appeal.

I think that the defendants are entitled to an additional allowance of costs upon the amount as awarded by the result of the report of the second commission. It appears that of this sum the plaintiff

"paid by deposit" $5,164.90. Therefore the defendants are entitled to such further sum as against the plaintiffs as shall represent 5 per cent. of the award as finally determined.

The order must be modified in accord with this opinion, and, as modified, affirmed, without costs of this appeal to either party. All concur.