WARNER v. STATE.

(Supreme Court, Appellate Division, Third Department.   May 21, 1909.)

1. EMINENT DOMAIN (§ 101*)—COMPENSATION—CHANGE OF GRADE OF HIGHWAY—RIGHTS OF ADJOINING OWNERS.
    The raising of the grade of a highway by lawful authority to meet the grade of a bridge is not a taking of private property of an adjoining owner for which he can recover damages; the damages suffered being damnum absque injuria.
    [Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 101.*]

2. CANALS (§ 18*)—INJURIES FROM CONSTRUCTION—CHANGE OF GRADE OF HIGHWAY.
    Canal Law (Laws 1894, p. 629, c. 338) § 37, provides that there shall be allowed and paid to every person damages sustained from canals, or

⸻

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

from their use or management, or resulting from neglect or conduct of any officer of the state having charge thereof, the amount to be ascertained by a proper action or proceeding before the board of claims, provided the facts proven make out a case which would create a legal liability against the state, were the same established in a court of justice, against an individual or corporation. *Held* that, in the absence of proof of negligence, such act did not confer on an abutting owner the right to recover for injury to his property by the state changing the grade of a highway incident to the construction of a bridge over a canal.

[Ed. Note.—For other cases, see Canals, Dec. Dig. § 18.*]

Appeal from Court of Claims.

Claim by Josephine A. Warner against the State of New York. From a judgment awarding claimant $400, both parties appeal. Reversed. Proceedings dismissed.

Hugo Hirsh (N. R. Holmes, of counsel), for claimant.

Edward R. O'Malley, Atty. Gen. (D. E. Brong, Deputy Atty. Gen., of counsel), for the State.

SEWELL, J. The claim was for damages occasioned by the construction of an embankment in the center of the highway in front of claimant's premises, so as to enable the public to cross Fish creek by a bridge built by the state in the construction of the Barge Canal. The embankment is supported by perpendicular concrete walls, varying from four to eight feet above the former grade of the highway, and extending the whole length of the street line of the claimant's premises. The claimant owns no part of the soil of the highway, and between the retaining wall on the easterly side of the embankment and the claimant's easterly line is a space six to seven feet wide.

The principal question for our determination relates to the right of the claimant to recover the damages caused by the raising of the grade of the highway to meet the grade of the bridge. The law is well settled in this state that the owner of a lot abutting on a street or highway has no remedy or redress for an injury to his property, however serious, caused by a change of grade, provided only that the change of grade is made under lawful authority. This, it is held, is not a taking of private property, and whatever detriment the improvement may be to the abutting owner is damnum absque injuria. Radcliff's Ex'rs v. Mayor, 4 N. Y. 195, 53 Am. Dec. 357; Conklin v. N. Y., O. & W. R. Co., 102 N. Y. 107, 6 N. E. 663; Reining et al. v. N. Y., L. & W. R. Co., 128 N. Y. 157, 28 N. E. 640, 14 L. R. A. 133; Rauenstein v. N. Y., L. & W. R. Co., 136 N. Y. 528, 32 N. E. 1047, 18 L. R. A. 768; Folmsbee v. City of Amsterdam, 142 N. Y. 118, 36 N. E. 821; Talbot v. N. Y. & H. R. R. R. Co., 151 N. Y. 155, 45 N. E. 382; Fries v. N. Y. & H. R. R. Co., 169 N. Y. 270, 62 N. E. 358.

The learned counsel for the claimant concedes that the state can only be made liable by force of some positive statute assuming such liability, but insists the Legislature has imposed upon the state a liability for the damages in question by section 37 of the canal law (chapter 338, p. 629, Laws 1894). The section provides that:

"There shall be allowed and paid to every person sustaining damages from the canals or from other use or management, or resulting or arising from the

neglect or conduct of any officer of the state having charge thereof, or resulting or arising from any accident or other matter or thing connected with the canals, the amount of such damages to be ascertained and determined by the proper action or proceeding before the board of claims; but no judgment shall be awarded by such board for any such damages in any case unless the facts proven therein make out a case which would create legal liability against the state, were the same established in evidence, in a court of justice against, an individual or corporation."

In Sipple v. State, 99 N. Y. 284, 1 N. E. 892, 3 N. E. 657, the court said of a similar provision contained in an act passed in the year 1870 (section 1, c. 321, Laws 1870) that the state intended by this provision to assume "the same measure of liability incurred by individuals and corporations engaged in similar enterprises."

Without proof of negligence it is clear that a contractor or corporation acting under authority of law would not be liable to an owner of realty abutting on a street or highway for damages caused by changing the grade. It was so held in Bellinger v. N. Y. C. R. R. Co., 23 N. Y. 42. The court said:

"Where persons are authorized by the Legislature to perform acts in which the public are interested, such as grading, leveling, and improving streets and highways, and the like, and they act with proper care and prudence, they are not answerable for the consequential damages which may be sustained by those who own lands bounded by the street or highway."

The same doctrine was asserted in Uline v. N. Y. C. & H. R. R. R. Co., 101 N. Y. 98, 4 N. E. 536, 54 Am. Rep. 661, where the crossing of a city street had been followed by a change of grade of the highway in front of plaintiff's premises, and the court held that if the railroad company changed the grade by a valid authority the plaintiff could not recover. That an abutting owner is not entitled to recover the consequential damages he may have sustained by reason of a change in the grade of a street or highway was also held in Conklin v. N. Y., O. & W. R. Co., 102 N. Y. 107, 6 N. E. 663; Fobes v. R., W. & O. R. R. Co., 121 N. Y. 505, 24 N. E. 919, 8 L. R. A. 453; Muhlker v. N. Y. & H. R. Co., 173 N. Y. 549, 66 N. E. 558, and Smith v. Boston & Albany R. R. Co., 181 N. Y. 132, 73 N. E. 679.

I think no claim was made out against the state within the provision of the section cited. Having reached this conclusion it is unnecessary to consider whether the award is insufficient, which is one of the grounds upon which this appeal is taken. We conclude, therefore, that the judgment appealed from should be reversed, and the proceeding dismissed.

Judgment reversed, and proceedings dismissed, without costs. All concur.