(87 Misc. Rep. 588)

## PEOPLE v. DAWSON.

(Supreme Court, Special Term, Genesee County. November, 1914.)

1. HIGHWAYS (§ 115*)—CHANGE OF GRADE—LIABILITY OF STATE.
   Unless made so by statute, the state is not liable to an abutting owner for a change of grade of a highway.
   [Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 358–370, 372, 373; Dec. Dig. § 115.*]

2. EMINENT DOMAIN (§ 101*)—COMPENSATION—CHANGE OF GRADE OF HIGHWAY.
   Railroad Law (Consol. Laws, c. 49) §§ 91, 92, authorizes the state commissioner of highways to institute proceedings to condemn land to elim-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

inate a grade crossing. Highway Law (Consol. Laws, c. 25) § 59, declares that, when any town highway shall be graded by town authorities, the owner of abutting property shall be entitled to recover from the town damages resulting from any change of grade. *Held*, that where the state condemned land to eliminate a grade crossing, and in doing so changed the grade of the highway, an adjacent landowner, damaged by the change of grade, could not recover.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 269, 270; Dec. Dig. § 101.*]

3. EMINENT DOMAIN (§ 237*)—PROCEEDINGS—REPORT OF COMMISSIONERS— POWER OF SPECIAL TERM.

Under Code Civ. Proc. § 3371, the Special Term, on motion to confirm the report of commissioners in a condemnation proceeding, can only confirm the report or set it aside, and may not modify it, by striking out part of the award, and confirm it as modified.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 604–613; Dec. Dig. § 237.*]

Condemnation proceeding by the People of the State of New York against Mattie Dawson. On motion of defendant for an order confirming the report of commissioners to ascertain the compensation to be made. Confirmation refused, and report set aside.

James A. Parsons, Atty. Gen., for the People.
William E. Webster, of Batavia, for defendant.
Hoyt & Spratt, of Buffalo, for New York Cent. & H. R. R. Co.

BROWN, J. The commissioners appraised defendant's damage by reason of the taking of a triangular piece of land, 10 feet wide at its west end, 53 feet long, 6/1000 of an acre, extending across the north end of defendant's residence lot, abutting on the highway, the sum of $675. The commissioners also appraised defendant's damage to the residue of her property on account of taking the above-mentioned strip for the use of a highway and the raising of the grade of the highway adjacent to the north side of the triangular strip so taken, by the building of an approach to a railroad bridge, such grade to be raised from zero at the east line of defendant's premises to about 7 feet at the west line of defendant's premises, at the sum of $750—a total award of $1,425.

[1, 2] Upon the defendant's motion to confirm said report, the plaintiff and the railroad object to the last item of the award, upon the ground that it is based upon and solely consists of consequential damages occasioned by the change of the grade of a part of the highway, asserting that there is no authority creating a liability upon the part of the state for damages occasioned an abutting property owner by the raising of the grade of a state highway. The defendant contends that by the provisions of section 91 of the Railroad Law the expense incurred in changing the grade of an existing highway to eliminate a railroad grade crossing is to be borne by the state and the railroad; that the state commissioner of highways is authorized by sections 91 and 92 of the Railroad Law to institute condemnation proceedings to acquire lands necessary for such grade crossing elimination; that the damages occasioned by such necessary taking

of such lands for such purpose are a part of the expenses incurred in such grade crossing elimination; that by section 59 of the Highway Law the damages occasioned an abutting property owner by the change of the grade of a highway are the subject of appraisal and award; that it necessarily follows that the last item of award by the commissioners in those proceedings for consequential damages to defendant's remaining property is a legitimate charge and item of the expenses for which the state and railroad are liable, and hence properly and legally awarded herein.

The difficulty with the argument seems to be that the damages provided for in section 59 of the Highway Law are only to be collectible when occasioned by a change of the grade of a town highway. The language of the section is:

"In any town in which a town highway shall be repaired, graded and macadamized from curb to curb by the authorities of the town the owner or owners of the land adjacent to the said highway shall be entitled to recover from the town the damages resulting from any change of grade."

To invoke the benefits of this statute the claimant must show that the change of grade was made by the town authorities. Matter of Baynes, 140 App. Div. 735, 126 N. Y. Supp. 132. In this case it was held that the statute quoted had no application to highways constructed by the state under the so-called Good Roads Law. The state is not liable at common law to an abutting owner for a change of grade of a highway, and is only made liable by virtue of some statute. Warner v. State, 132 App. Div. 611, 117 N. Y. Supp. 108; Id., 204 N. Y. 682, 98 N. E. 1118.

The change of grade for which defendant claims and has been awarded damages by the commissioners is on a state highway. Section 120, Highway Law. It is not on a town highway. No authority has been furnished establishing a liability on the part of the state for the last item of the commissioners' award. Such item is not a part of the expense incurred by the state in eliminating the grade crossing, and the railroad is only liable for a share of what expense the state incurs in such elimination. The award of $750 as damages to the defendant for the change in grade of the highway was unauthorized.

|3| The report of the commissioners ought to be confirmed as to the award for the value of the land taken, and set aside as to the award for consequential damages depending upon the change of grade of the highway; but such determination cannot be made by the Special Term. By section 3371 of the Code of Civil Procedure the only power of this court is to confirm the report or set it aside. The report cannot be modified, by striking out part of the award and confirming as modified. Matter of Central New York Co., 36 App. Div. 553, 55 N. Y. Supp. 729; Matter of Town of Guilford, 85 App. Div. 207, 83 N. Y. Supp. 312; Matter of Johns, 129 App. Div. 721, 114 N. Y. Supp. 707.

The report of the commissioners will be set aside, and a rehearing directed before the same commissioners, with instructions to make no award or appraisal of defendant's damage by reason of the change of the grade of the highway in front of her premises.