In the Matter of the Petition of NEW YORK MUNICIPAL RAILWAY CORPORATION and Another, Respondents, Relative to Acquiring Title to Real Estate, etc., on Jamaica Avenue, in the Borough of Queens, County of Queens, City and State of New York, *v.* SUSIE CHURCH HOLLIDAY, Appellant.

Second Department, December 19, 1919.

Eminent domain — proceeding to condemn easements — erection of elevated railroad — when landowner entitled to interest on award — decree giving condemnor immediate right of entry — subsequent appointment of receiver of condemnor — receiver cannot be made party until leave of court is first obtained — motion for further security.

While interest is not usually allowed in condemnation proceedings as possession is not usually taken by the condemnor until the award is paid, yet where a railroad company, intending to build an elevated structure, is granted immediate right to extinguish a landowner's easements in light, air and access and has given an undertaking to pay the award and has entered upon the property as the necessities of the work required and is in possession of the money to pay for the property, interest may be properly awarded from the time it took possession. While the right of interest may not be absolute it may, under the circumstances, be awarded in the discretion of the commissioners.

While it would be unjust to allow interest from the date of the entry of the order permitting the petitioner to take possession of the easements, it was competent for the commissioners to determine when the petitioners entered into possession and to award interest from that time.

Moreover, section 3371 of the Code of Civil Procedure fixes the power of the court in relation to reports of commissioners in condemnation proceedings, and that power is limited to either confirming or setting aside the report.

Where, pending the condemnation proceeding, a receiver of the petitioner has been appointed who is also receiver of the surety on the petitioner's undertaking, the defendant is not entitled to have the receiver made a party to the proceeding in order to bind him without first having obtained leave of court; but the denial of the motion to bring in the receiver should be without prejudice to a renewal of the application upon obtaining leave.

Upon the ground that leave of court to sue the receiver had not been obtained, it was proper to deny the defendant's motion to compel the receiver, who was also receiver of the surety, to give further or other security in place of the existing undertaking; but the denial should be without prejudice to a further application if the defendant should be so advised.

Where the petitioner seeks only to condemn easements in light, air and access it is improper for the order of condemnation to condemn the plaintiff's entire property.

APPEAL by the defendant, Susie Church Holliday, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Queens on the 31st day of July, 1919, in so far as such order modifies a report of commissioners of appraisal in condemnation proceedings and denies appellant's motion to make the receiver of the plaintiff a party and compel such receiver to give further or other security in addition to or in place of the undertaking given by the plaintiffs to enable them to obtain possession of the condemned easements.

*Fred L. Gross,* for the appellant.

*Trabue Carswell* [*Charles L. Woody* and *George D. Yeomans* with him on the brief], for the respondents.

JAYCOX, J.:

To state the facts briefly, the defendant is the owner of real property on Jamaica avenue, in Woodhaven. The plaintiffs have recently constructed an elevated railroad structure through that avenue, adjoining the defendant's property. The plaintiffs, desiring to procure the right to build this elevated structure and to extinguish the defendant's easements of light, air and access, instituted this proceeding by the usual petition. The defendant appeared and interposed an answer. Judgment of condemnation was thereafter entered, which recited that the defendant had brought an action against the plaintiffs and in that action had applied

for an injunction restraining the defendants during the pendency of said action from obstructing and incumbering Jamaica avenue, county of Kings, city and State of New York, and from making any further erection in said avenue in front of or upon the real property of the plaintiff and from constructing certain iron panels in the fence and rail and certain partitions and walls, etc., and further recites the denial of said motion. Condemnation is decreed and commissioners to ascertain and appraise the compensation to be made to the owners of the property so taken for the public use are appointed. The order appealed from recites: " and this Court having granted an order, dated the 27th day of March, 1917, and entered in the office of the clerk of the County of Queens on the 28th day of March, 1917, granting the plaintiffs the right to enter into immediate possession of the property sought to be acquired in this proceeding and devote the same to the public use specified upon giving an undertaking of the Brooklyn Rapid Transit Company in respect to said property payable to the owner of said property as named in said petition in the sum of Seventy-five thousand dollars." This undertaking was given and the plaintiffs entered upon the property as the necessities of their work required. The commissioners of appraisal have made their report awarding the defendant for the several parcels taken the sum of $16,046. They then said: " The aforesaid several awards shall bear interest from the date of entering upon and taking of possession of such easements by the plaintiffs herein." Thereupon the defendant moved to confirm the report. The plaintiffs did not oppose the confirmation of the award, but opposed the inclusion of the interest awarded by the commissioners. The motion to make the receiver of the plaintiffs a party to the action was opposed, as was also the request for new security from the receiver. The motion for confirmation included a request for relief in these particulars, and the affidavit of the defendant, made a part of the motion papers, recites: " Since the last hearing and while the matter was before the Commissioners awaiting their determination and report, Hon. Lindley M. Garrison was by the United States District Court for the Southern District of New York, appointed receiver of the plaintiffs, and also of said Brooklyn Rapid Transit Company,

the surety aforesaid, in the undertaking given by the plaintiffs as aforesaid."

When the motion came on to be heard, the Special Term ordered that the report be remitted to the commissioners for the purpose of having them compute the interest and to make an amended report. The commissioners then made an amended report in which they computed the interest allowed by them. The defendant claims that this computation was not from the time that plaintiffs took possession. The allowance of interest made by the commissioners was, however, from the time of taking possession " to the fullest extent." The defendant moved to have such report set aside, while the plaintiffs asked that the award be confirmed, but without interest. The Special Term has granted the motion of the plaintiffs to confirm the awards without interest upon the ground that there was no authority for the commissioners to award interest, and it also denied the motion to make the receiver a party and for new security.

I am unable to agree with the learned justice at Special Term in his conclusion that there is no authority for allowing interest. It is true that interest is not usually allowed in condemnation proceedings; it is also true that possession is not usually taken until the award is paid, and there is no reason, therefore, for awarding interest. But in this case the plaintiffs had possession of the property and also possession of their money which was to pay for the property. It, therefore, seems to me to be clear that the defendant was entitled to interest upon the amount of her damages from the time the plaintiffs took possession. This time has been fixed by the commissioners and the interest has been computed, and the defendant was entitled to it.

The cases cited by the plaintiffs in opposition to the claim for interest do not seem to be in point. On the contrary, there are a number of cases which bear out the defendant's claim for interest. In *Moore* v. *New York Elev. R. R. Co.* (126 N. Y. 671), which was an action brought to recover for damages to plaintiff's premises arising from the construction and operation of an elevated railroad in a street upon which they fronted, the Court of Appeals said: " In actions

of this nature, while the jury have the right, in their discretion, to award interest upon unliquidated damages incapable of liquidation by computation, yet they are not bound to do so " (citing cases).  The learned judge before whom that case was tried charged the jury that it must include interest. As will be seen from the quotation above, the court held that this charge was erroneous — that the inclusion of interest was in the discretion of the jury.  No distinction is apparent between that case and the present proceeding, and there is no difference between the powers of the commissioners and the jury in relation to interest.

In *Panhandle & G. Ry. Co.* v. *Kirby* (108 S. W. Rep. 498) the Texas Court of Civil Appeals said:  " While it is true that the statute prescribing the measure of damages for the condemnation of lands makes no mention of interest, we see no reason why interest may not be recovered as in other cases of appropriation.  For all purposes necessary in the construction and operation of appellant's road appellee was deprived of the land and injured to the extent of the depreciation, if any, caused by the condemnation, when appellant actually condemned and appropriated its right of way, which the record shows was about the 12th day of April, 1902, and we see no reason why in such case interest should not be allowed thereon from that date.  That date fixed the period when appellant, under the forms of law, actually appropriated part of appellee's property."

In *Old Colony Railroad* v. *Miller* (125 Mass. 1) the court states its views upon this subject as follows:  " The right of the landowner to damages for land taken by a railroad corporation is complete when the location is made.  That act constitutes the taking.  It is the loss occasioned by the exercise of the right of eminent domain at that time, for which the statutes provide indemnity.  The amount is then due, and, if agreed upon by the parties, must be then paid.  If not agreed on, the damages are assessed by a jury on the application of either party; but they are assessed as of the time of the location, and the jury may properly allow interest upon the amount ascertained as damages, for the detention of the money from the time of the taking."

This question was discussed by Mr. Justice JENKS in *Matter*

*of Board of Water Commissioners* (132 App. Div. 75). I quote from his opinion: " Examination of the opinions in such cases as make for the respondents shows that the results reached rest upon the general principle that the owner is entitled to payment of his compensation at the time petitioner and plaintiff gains possession of the land, and hence if the owner be kept out of his compensation he is entitled to interest thereon as damages for a default [citing cases]. The cases which make for the appellant rest upon the proposition that when the owner is tendered or may obtain forthwith his compensation, and yet does not take it, he cannot upon gaining an increase thereof demand interest save upon that excess."

I think that from the above cases the conclusion is justified that where the petitioner takes possession of the land and does not pay the award until a subsequent time, the owner is entitled to interest thereon. The right to this interest may not be absolute in all cases and may rest in the discretion of the commissioners. In the present case it might be unjust to allow interest from the date of the entry of the order permitting the petitioners to take possession of the easements. It was competent for the commissioners to determine when the petitioners entered into possession, and they were justified in allowing interest from that time. Further than this, section 3371 of the Code of Civil Procedure fixes the power of the court in relation to reports of commissioners in condemnation proceedings and that power is limited either to confirming or to setting aside the report. (*People* v. *Dawson*, 87 Misc. Rep. 588; *Matter of New York Municipal Railway Corporation* v. *Welz & Zerweck*, 181 App. Div. 896.)

The appellant also urges that she was entitled to have the receiver made a party to the proceeding. The purpose of this is clear. She desires to have an adjudication that will bind the receiver. An adjudication to which he is not a party will not bind him. The property in his hands cannot be reached except by some form of action to which he is a party. This portion of the motion was denied upon the ground that leave of the court had not been obtained. In *Barton* v. *Barbour* (104 U. S. 126, 128) it is said: " It is a general rule that before suit is brought against a receiver, leave of the court by which he was appointed must be obtained."

Money or property in his hands is *custodia legis*. (*Davis* v. *Gray*, 16 Wall. 203.) The reason for requiring the consent of the court to an action against the receiver is set forth in *Barton* v. *Barbour* (*supra*) as follows: " The evident purpose of a suitor who brings his action against a receiver without leave is to obtain some advantage over the other claimants upon the assets in the receiver's hands. His judgment, if he recovered one, would be against the defendant in his capacity as receiver, and the execution would run against the property in his hands as such." Under section 3373 of the Code of Civil Procedure, the amount awarded as damages in a final order is docketed as a judgment against the person who is directed to pay the same, and collection thereof may be enforced by execution and by the same proceedings as judgments for the recovery of money in the Supreme Court. It, therefore, seems to me that the decision of the Special Term denying the defendant's motion was correct, but as the defendant may obtain the consent of the court which appointed the receiver, the denial should have been without prejudice to a renewal of the application upon obtaining leave of the proper court.

The defendant also appeals from that portion of the order which denies her motion to compel the receiver to give further or other security in place of the undertaking theretofore given by the plaintiffs in which the Brooklyn Rapid Transit Company was named as surety. This is the undertaking hereinbefore recited in the amount of $75,000, given pursuant to section 20 of the Rapid Transit Act (Laws of 1891, chap. 4, § 23, renum. by Laws of 1909, chap. 498), as amended by chapter 506 of the Laws of 1910 and chapter 510 of the Laws of 1913, to secure immediate possession of the easements condemned in this proceeding. As above recited, a receiver has been appointed of both plaintiffs and their surety in that undertaking. If I am correct in my conclusion that the receiver could not be made a party without the consent of the court by which he was appointed, I think it necessarily follows that this portion of the motion was also rightly denied. If the Supreme Court cannot make the receiver a party, I cannot see how it can compel him to file security in that same proceeding. This denial, however, should also be

without prejudice to a further application if the defendant should be so advised.

The order appealed from seems clearly to condemn and turn over to the plaintiffs the defendant's entire property instead of the easements sought to be condemned and for which awards were made. This is clearly erroneous. The order appealed from should be modified in accordance with the views herein expressed, and as modified affirmed, without costs.

JENKS, P. J., RICH, PUTNAM and BLACKMAR, JJ., concurred.

Order modified in accordance with opinion; and as so modified affirmed, without costs. Order to be settled before Mr. Justice JAYCOX.