CHARLES W. MYERS and FRANCES J. MYERS, Claimants,
*v.* STATE OF NEW YORK.

### Claim No. 15040.

(State of New York, Court of Claims, April, 1921.)

*Highways—state liable in damages for elevating grade of highway—Brooks* v. *State of New York,* 189 *App. Div.* 24, *followed.*

CLAIM for damages to real property.

Morehouse, Mizen & Morehouse, for claimants.

Edward M. Brown, Deputy Attorney General, for state.

ACKERSON, P. J. The claim herein was filed for the purpose of recovering damages from the state alleged

to have been sustained by the claimants by reason of injuries to the real property of which the claimants are and have been for upwards of four years last past the owners. The premises in question are in the village of Minetto, in the county of Oswego. They are situate upon the main street of the said village, known as the West River road and extending to the center of the street or road. There are two houses upon the premises which front east towards the road. The road runs in a northerly and southerly direction and substantially parallel with the Oswego river and but a few rods west of the west edge of the river.

In canalizing the river in the course of the construction of the Barge canal, the state built a dam across the river at a point some rods north of and down the stream from the claimants' premises, whereby the water of the river opposite the premises in question was raised eleven feet higher than its former level. By reason of this raising of the level of the water in the river, it became necessary to raise the level of the highway in front of the claimants' premises to prevent the said highway from being flooded by the waters of the river. Or as the claimant herein contends, it became necessary to build a dyke or barrier upon the highway in front of their premises and extending some rods in a southerly direction upon said highway in order to confine the waters of the river and prevent them from spreading over a large amount of territory. The highway was then reconstructed on the top of this embankment.

Before this new construction was made by the state, the highway in front of claimants' premises was slightly lower than the natural surface of the ground around claimants' houses and where the sidewalk was located in front of same. After the grade of the highway in front of the claimants' premises was raised by the state, as aforesaid, the surface thereof was about forty-three inches higher than the elevation of

the land about and in front of claimants' houses. It appears from the evidence in this case that it thereby became necessary for the claimants in order to place their premises in the same situation in reference to the highway that they were before this improvement was made, to raise both houses forty-three inches and to carry the foundation walls thereof up forty-three inches; also to raise the sidewalk in front of said houses and the surface of the lot around said houses about the same distance and to fill up the depression between claimants' houses and the traveled portion of the new highway, in order to make claimants' houses again accessible to the highway as they were before the improvement was made. The elevation of the grade of the highway which was necessitated at this place by reason of Barge canal construction commenced in front or a little to the north of claimants' premises and extended in a southerly direction for several hundred feet. The grade of the highway some distance south of the claimants' premises was elevated five or six feet.

The question of the liability of the state for elevating the grade of this highway at the place in question was determined adversely to the claimants who filed claims against the state for damages by reason of the elevation of such highway in the case of *Brooks* v. *State of New York,* 13 St. Dept. Rep. 38; 17 Court of Claims, 77. That decision of this court, however, was reversed by the Appellate Division of the Supreme Court, third department, which is found reported in 189 Appellate Division at page 24. Until that decision by the Appellate Division is overruled by the Court of Appeals, it is mandatory upon this court and we must consider it the law applying not only to the claim of *Brooks* v. *State of New York,* but to all other claimants damaged by the construction in question. Although the dissenting opinion of Justice Woodward in the *Brooks*

case expresses the view which we think the court should take of the law applying to the questions raised in this case and is, as we believe, in accordance with what the Court of Appeals held in the case of *Warner* v. *State of New York,* 132 App. Div. 611; affd., 204 N. Y. 682, yet, we must be governed by the majority opinion in the Appellate Division in the case of *Brooks* v. *State of New York* and proceed to award the claimants herein damages which they have suffered by reason of this change in grade of the highway in front of their premises. After a careful consideration of the evidence in this case, we find that the claimants have been damaged in the sum of $600, for which amount we have made an award against the state.

WEBB, J., concurs.

Award to claimants.