INDUSTRIAL DISTILLING COMPANY, Claimant, *v.* THE STATE OF NEW YORK, ·Defendant.

Court of Claims, May, 1922.

*Claims against state — consequential damages not subject of award — roiling of water in building of canal.*

CLAIM for damages caused by roiling of water.

*Decker & Menzie*, for claimant.

*Charles D. Newton (Edward J. Mone*, deputy attorney-general, of counsel), for state of New York.

SMITH, J. This claim has been filed to recover damages sustained by claimant as the result of the roiling of the waters of Seneca outlet by the state and its contractors in the course of the work of improvement of the Cayuga and Seneca ·canals pursuant to the provisions of chapter 391 of the Laws of 1909.

Jurisdiction to hear and determine this claim was conferred upon the court by a special act of the legislature (Laws of 1921, chap. 706) after the claim had been tried. It has been stipulated that said act shall be regarded as in evidence and considered in the disposition of the claim.

It is not claimed that the act above referred to does more than confer jurisdiction upon the court to hear and determine the claim. It is not claimed that it assumes any liability. Claimant owns lands bordering on Seneca outlet, the waters of which were roiled by the dredging and excavating operations of the state in and adjacent to the stream westerly of and upstream from claimant's land.

The roiled waters were unsuitable for claimant's use in its distilling business, as a result of which claimant was obliged to and did install a filtration plant to cleanse the water and now seeks to recover the cost thereof together with certain other expenses from the state.

There has been no appropriation or other taking or trespass upon any lands belonging to claimant. It is conceded that the work of the state was performed without negligence and expedi-

tiously and that the roiling of the water was the inevitable and unavoidable result of the state's work which was being performed pursuant to the express authorization and direction of the legislature and in strict accordance with such authorization and direction.

Such damage as claimant has suffered is the consequential damage resulting from the performance by state officers of a public work in the public interest, pursuant to the express direction and authorization of the legislature, without trespass or negligence.

This claim is similar, in all material respects, to the claim of the Waterloo Woolen Manufacturing Company against the state recently decided by this court, wherein it was held that damages such as claimant herein has suffered under a similar state of facts are not recoverable against the state. *Waterloo Woolen Manufacturing Co.* v. *State of New York,* 118 Misc. Rep. 516; *Radcliff's Executors* v. *Mayor of Brooklyn,* 4 N. Y. 195; *Bellinger* v. *New York Central R. R. Co.,* 23 id. 42; *Atwater* v. *Trustees of Canandaigua,* 124 id. 602; *Gordon* v. *Ellenville & Kingston R. R. Co.,* 195 id. 137; *Chase-Hibbard M. Co.* v. *City of Elmira,* 207 id. 460; *Warner* v. *State,* 132 App. Div. 611; affd., 204 N. Y. 682.

Upon the trial and at the close of the whole case, the attorney-general moved for the dismissal of the claim upon the ground that the facts as proven do not constitute a valid claim or cause of action against the state. For the reasons above stated the motion should be granted and the claim dismissed. An order to that effect may be entered and an exception on behalf of claimant noted in the record of the case.

ACKERSON, P. J., concurs.

Ordered accordingly.