In the Matter of the Application of THE BOARD OF SUPERVISORS OF THE COUNTY OF WARREN to Secure the Requisite Rights of Way for the Hague-Ticonderoga County Highway No. 2823, Warren County.

County Court, Warren County, February 10, 1934.

*Beecher S. Clother*, for the board of supervisors of the county of Warren.

*Daniel F. Imrie*, for Eva C. Nye and another, landowners.

*Wickes & Wickes*, for George O. Cook and others, landowners.

BOYCE, J. This is an application by the petitioner, the board of supervisors of the county of Warren, for confirmation of the commissioners' report herein which awards the property owners the total sum of $1,524.50.

Although the commissioners in this proceeding were not appointed until April 11, 1933, and the final report signed December 14, 1933, it is conceded that the county took possession of the property August 22, 1921, under an agreement with Harma D. French, as committee of William A. Cook, an incompetent person, the life tenant (Landowners' Exhibit No. 10). It is also stipulated that the value of the property shall be fixed as of the date of the occupation by the county in 1921, and it further appears that the testimony on both sides as to value related to the said 22d day of August, 1921.

The petitioner asks that the report of the commissioners be confirmed allowing the total sum of $1,524.50, without interest. The landowners on the other hand insist that interest must be allowed on the $1,524.50 from the 22d day of August, 1921. It is agreed that it was understood by all parties, and the commission as well, that the question of interest on the award should be left to the court for a decision.

It appears that when the county took possession of these lands for the improvement of the highway under the right of entry

agreement (Landowners' Exhibit, *supra*) the late Gen. Loyal L. Davis was county attorney. Sometime afterwards Mr. Clother, the present county attorney, succeeded to the office. Because of the change in the office of county attorney, together with the fact that the life tenant was an incompetent, and because of a failure to agree on a sum to be paid for the land satisfactory to all the interested parties, a final determination of the matter was not made.

The landowners argue, as the court understands it, that the county has had the use of the land since August 22, 1921; that the value of the land was fixed by all the experts who testified in the case as of that date, and that if the petitioner is able to take the land and keep it for a matter of twelve years, and also retain the money which it is agreed that the property owners were entitled to as of August 22, 1921, such an award giving only the actual value of the land without any allowance for either the use of the land or the money, is not " just compensation " within the intendment of the statute. Furthermore, if the statute is to be construed as contemplating such a result, it should be declared unconstitutional.

On behalf of the petitioner it is contended that the method of computing interest is fixed by section 153 of the Highway Law, and that there is no authority for allowing interest in any other way or for any longer period than specified in the statute. Also the petitioner contends that under the right of entry agreement (Landowners' Exhibit, *supra*) the landowners waived any right to interest other than prescribed in said section of the Highway Law.

The court is of the opinion that the argument made on behalf of the county is untenable. Section 153 of the Highway Law provides in part as follows: " The county treasurer * * * shall pay * * * the amounts awarded * * * with six per centum interest thereon from the date of the filing of the oath of the commissioners of appraisal in the office of the county clerk."

The preceding section, or section 152 of the Highway Law, provides: " The commissioners of appraisal shall take the oath of office prescribed by the constitution, which oath shall be filed in the office of the county clerk of the county. Upon the filing of such oath the title to the lands described in the petition and map filed in the office of the county clerk shall vest in the county for the purpose of a highway forever."

It will be observed that the landowners, under the provisions of the above-quoted sections, are either to receive pay for their lands simultaneously with the vesting of title in the county, or the county must pay six per cent interest on the award from the date title vests. Likewise there would be no basis, theoretically at least,

for the county to take possession of the lands to be acquired before the vesting of title. Accordingly these two sections of the Highway Law throw little, if any, light on the question now before the court, because it is reasonable to assume that the facts and circumstances are entirely different from anything contemplated by the Legislature in the enactment of these provisions.

We now come to the Landowners' Exhibit No. 10, or what has been referred to as the right of entry agreement. This agreement was made by Harma D. French, as committee, etc., of William A. Cook, an incompetent person, with the county of Warren, and includes besides other provisions which do not appear to be necessarily pertinent to this opinion the following:

" Whereas, the Highway Law compels the acquisition of this land by the Board of Supervisors of Warren County and the Board of Supervisors have signified their intention of securing such lands, either by agreement or condemnation; and * * *

" Now, therefore, in consideration of one dollar ($1.00) in hand paid at or before the execution of these presents, I as such committee, and in further consideration of an agreement between the representatives of the Board of Supervisors of Warren County and me, as such committee, that if no satisfactory price for such lands can be agreed upon between the said Board of Supervisors and me, as such committee, for such lands that they, the Board of Supervisors, will acquire such lands as provided in the Condemnation Law;

" Now, therefore, I, Harma D. French, as committee of the property of William A. Cook, an incompetent person, do consent and agree with the authorities and the employees of the County of Warren and the State Commission of Highways and the Contractor to whom the contract may be let for the improvement of said road, that he, together with his workmen, and employees, may enter upon the premises herein described, for the purpose of the construction of said road, without becoming or being held liable for trespass, or for any damage whatever to the said incompetent person, and I do hereby waive any and all claims for such entry and occupation.

" The purpose of this agreement being that in order to expedite the construction of this road the contractor, his agent or employees, and the State Commission of Highways may occupy the said described land to the full extent that they might, had the lands been acquired and the title passed to the County of Warren."

The right of entry certainly contemplates that the landowner is to be paid for his land. One of two methods is to be adopted in arriving at a price; either an agreement is to be reached, or the land is to be acquired as provided in the Condemnation Law. And furthermore, " if no satisfactory price * * * can be

agreed upon   *   *   *   *the Board of Supervisors will acquire* such lands." Here it will be noted that the board of supervisors definitely undertakes to acquire the land by condemnation in the absence of an agreement as to price.

It seems too clear to admit of serious argument that no price having been agreed on, and the land not having been acquired by the board of supervisors pursuant to their undertaking in the right of entry agreement for a period of approximately twelve years, the county cannot escape payment of interest on the sum which it is conceded was due to the landowners, August 22, 1921. The county has had the use of the land, it has also had the use of the money since that date. Could anything be more unconscionable than for the county now to be allowed to escape the payment of interest on the sum due, and the landowners to be both deprived of the use of their land for a period of twelve years and the use of the money equivalent for the entire period? If the county were to do this in the absence of an agreement by the landowners for a waiver of interest a deprivation of property would result which would violate the landowners' constitutional rights.

A careful examination of the agreement does not disclose the magnanimous intention on the part of the landowner to forego interest on the award in return for his willingness to co-operate with the county officials by giving them the right to enter without legal proceedings. On the contrary, the language of the agreement and the surrounding circumstances are quite consistent with the more normal attitude of mind that he should be left in *statu quo* as far as his right to remuneration is concerned and the county should pay for the land taken as of the date possession was given, and if for any reason payment is to be withheld, the landowner should then be paid interest on the sum due for the period of the withholding.

No authorities from the State courts have been submitted by either side, and apparently this precise point has not heretofore been raised. Under somewhat similar circumstances, however, in a case which was in the city of New York, the question of the payment of interest on an award held up for several years arose, and interest was allowed on the basis that " just compensation " as contemplated by the statute must allow some equivalent for the withholding of cash to which the owners were entitled. (*Matter of Mayor, etc.*, 40 App. Div. 281.)

The Supreme Court has held that under the constitutional provisions of just compensation for property taken under the right of eminent domain interest upon the award from the time of the taking

down to the date of the judgment must be allowed against the United States in case of condemnation by it. (*United States* v. *Benedict*, 261 U. S. 294.) And also that the just compensation to be awarded under the right of eminent domain is the value of the property taken at the time of the taking. (*Brooks-Scanlon Corp.* v. *United States*, 265 U. S. 106.)

The commissioners of estimate and assessment in the city of New York in fixing damages to be paid by way of compensation to the abutting owners where street easements have been destroyed should award not only the value of these easements when legally taken but also interest thereon down to the date of their report. (*Matter of City of New York*, 107 App. Div. 22.)

While interest must be allowed on the award, the court has no authority to modify the report. The Constitution and the statute require that the award shall be made by the commissioners. (*Matter of Central N. Y. Telephone & Telegraph Co.*, 36 App. Div. 553; *Matter of Johns* v. *Village of Salamanca*, 129 id. 717, 721.)

The power of the court and of the commissioners under the Condemnation Law are prescribed by statute and the court has no power to increase or diminish the amount of the award, as its powers are confined to confirming the report, or setting it aside. (*Matter of New York Municipal R. R. Corp.* v. *Wells & Zerweck*, 181 App. Div. 896; *Matter of New York Municipal R. R. Corp.* v. *Holliday*, 189 id. 814.)

Likewise if it were not definitely before the court that interest had not been allowed on the award, and the report had stated that the award includes the property owners' "entire loss and damage," the court would then be obliged to assume that the commissioners in making the award had included an allowance by way of interest. (*Matter of Minzesheimer*, 144 App. Div. 576.)

An order is, therefore, directed that the report be sent back to the said commissioners for the purpose of including interest on the award and said commissioners are directed to make and file a new report in accordance with the suggestions herein contained and setting forth specifically that the award represents *the entire loss and damage* which the owners of the property affected have suffered.