Howard A. Zeller, J.
By motion, plaintiff, New York State Electric and Gas Corporation, seeks an order amending a judgment of condemnation and immediate possession involving defendants’ land. Defendants were and now are the owners of a one-acre parcel of land on the south side of State Route 17 in the Town of Owego, Tioga County, New York.
Because of a major reconstruction of Route 17 adjacent to defendants’ property, it became necessary for plaintiff to relocate its transmission and distribution lines in this vicinity and a portion of defendants’ premises was required for the relocation. Plaintiff started condemnation proceedings in April, 1967 and a judgment of condemnation and an order of immediate possession was entered in the Tioga County Clerk’s office on May 12,1967. The defendants ’ property thus taken in fee for public use was a strip of land running along Route 17 tapering from a depth of 45 feet on its westerly end to a depth of 5 feet at the easterly end thereof. The judgment reserved to defendants a single 50-foot right of way for ingress and egress to and from Route 17 and the remainder of their lands. A 15-foot height restriction was imposed on defendants’ use of such right of way.
Plaintiff’s present motion now seeks modification of the judgment so as to give defendants additional easement rights across the condemned property from Route 17 to defendants ’ remaining lands.
*821 Plaintiff did take possession of the property upon entry of the order and the relocated lines using the condemned strip have been in place for more than two years. The judgment has affected defendants’ use and development of their property for over three years.
Appraisal reports have been exchanged by the parties, a condemnation commission has been appointed to assess the damages for the taking and a hearing was scheduled thereon for July 6, 1970. This hearing was adjourned pending determination of this motion, which was initiated June 29, 1970.
Plaintiff’s moving papers state that at the time of the initial taking it was necessary to relocate its lines with great dispatch so that it was then impossible to fully evaluate its needs for the protection and maintenance of the relocated lines. Plaintiff states it has now determined that a much less restricted access easement is required for its public use. Theoretically, and depending on the location of plaintiff’s poles or towers and guy wires, defendants’ access easement along Route 17 might be laterally extended by as much as an additional 150 feet if plaintiff prevails here.
Defendants claim that their property had a frontage of over 250 feet on Route 17 before the condemnation and taking and that the property then had a high potential for commercial development. While the fact of highest and best use of defendants’ premises at the time of taking is not here reached, it becomes a material issue in a hearing to assess damages, which a belated grant of additional access might serve to mitigate.
Plaintiff argues first that the court has inherent power to modify its judgments. Secondly, plaintiff notes that section 18 of the Condemnation Law permits-the-discóñtiñuance of a condemnation proceeding even after entry of a final judgment therein. Plaintiff also argues that title to the condemned parcel legally will not pass to it until entry and satisfaction of final judgment so that modification of restrictions now would not be requiring defendants to accept back that which had already been taken from them. Plaintiff’s position is that modification now merely amounts to redefinition of defendants ’ access rights in a manner far more favorable to defendants presently and in the future than those stated in the original judgment.
To dispose of the last point first, plaintiff ignores the fact that the actual taking and use of the condemned parcel for erection of fixtures was a fait accompli several years ago. The actual passage of title to the appropriated and already utilized fee under these circumstances becomes a mere indicia of the *822 right to do what has been done. While defendants’ land was used for residential purposes at the time of condemnation, and still is, defendants for over three years nevertheless have been divested of the uses plaintiff now seeks to confer (and which plaintiff claims are valuable), and effectively barred from any development of the property had these proposed expanded uses been available to defendants from May, 1967 on. Much time has passed. Meantime, development changes undoubtedly have been made to other properties along Route 17 in the area and economic conditions have materially changed.
While generally “ a condemning authority does not become liable to a condemnee until title to the property is officially taken (Condemnation Law, § 4; Court of Claims Act, § 10; 17 Carmody-Wait 2d, New York Practice, § 108:19, and 19 N. Y. Jur., Eminent Domain, §•■§ 78 and 79), it is settled that a de facto taking does occur when there has been a physical invasion of a condemnee’s property or a direct legal restraint upon its use (Leeds v. State of New York, 20 N Y 2d 701; Matter of Keystone Assoc. v. Moerdler, 19 N Y 2d 78; Oswego & Syracuse R. R. Co. v. State of New York, 226 N. Y. 351; Forster v. Scott, 136 N. Y. 577; Lambert v. State of New York, 30 A D 2d 582 and American Woolen Co. v. State of New York, 195 App. Div. 698, 704) ”. (City of Buffalo v. Clement Co., 34 A D 2d 24, 29.)
Here a permanent physical invasion of the condemnees’ property and the imposition of a direct legal restraint upon its fee title and use both have occurred and constituted a de facto taking. And it is the time of the taking which fixes the rights of the parties. Where ££ the condemnor, under legal authorization, enters into possession before he takes title * * * the value date is moved back to * * * the date when * # * possession vested in the petitioner.” (17 Carmody-Wait 2d, New York Practice, § 108:19, p. 346; see Matter of New York Municipal Ry. Corp. v. Holliday, 189 App. Div. 814, affd. without opn. 228 N. Y. 561; Kahlen v. State of New York, 223 N. Y. 383; see, also, Matter of Simmons, 152 App. Div. 503, 505), unless the equities under particular facts move the commissioners to fix an earlier or other valuation date. (See City of Buffalo v. Clement Co., supra, pp. 28-30; Matter of New York Municipal Ry. Corp. v. Holliday, supra, p. 819.) As Judge Pound stated in Kahlen v. State of New York (supra, p. 390):
£ £ A time comes when the right to compensation is fixed. That time -is when the taking or appropriation is complete.” It has long since been completed here.
*823 Under appropriate circumstances the court does have the general power to modify its judgments but the appeal is to the court’s discretion. This is also true in a motion under section 18 of the Condemnation Law, to abandon or discontinue a condemnation proceeding. Such an exercise of the court’s discretion not only invokes the application of legal and equitable principles, but also is circumscribed by them.
The object of this motion is not to correct or redefine for greater clarity the description of that which was condemned in the judgment of May 12, 1967. Rather this motion to modify the judgment seeks to recast the conveyance anew in July, 1970. This should not be allowed. A matter of substance is involved. (See United Appraisal Co. v. Fuca, 250. App. Div. 739, affd., 277 N. Y. 726.)
Even a motion to so modify the petition for condemnation as to description ‘‘ will only be permitted if it is made early enough in the proceeding so that the parties will not be adversely affected by the amendments.” (17 Carmody-Wait 2d, § 108:124.) Justice requires that a condemnee be apprised with early certainty of the extent of the appropriation so as to “ permit an accurate admeasurement of damages and control the future use of the property.” (Matter of Long Is. Light. Co., 272 App. Div. 915.) Nor is the plea persuasive that petitioner, with engineering, operating and management experience and expertise in depth, required over two years to conclude it did not need all the unhampered fee taken.
The facts here distinguish this matter from those cases where entry, reduction to possession and use (the “taking”) of the premises condemned are deferred and coincide with the entry of the final judgment of condemnation passing title to the condemnor upon payment of the award. In the latter cases plaintiff’s argument concerning the mutability of the initial judgment might have force.
Here, however, plaintiff’s actual taking of possession and use of a permanent nature of the premises occurred in 1967. The rights of the parties were then fixed. The right of these defendants to compensation then arose and the liability of this plaintiff to pay then accrued. In this case passage of title under a final judgment of condemnation marks only the time when such payment is due.
The rights of these condemnees are of real substance and should not now be diluted against their wishes.
Plaintiff’s motion should be denied.